■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYDNEY O. BEST, Also Known as THEODORE SEXTON, Appellant.

—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 10, 1984, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal possession of stolen property in the first degree.

In January 1984, defendant and Carolyn Brown were indicted for the crimes of criminal possession of a weapon in the third degree and criminal possession of stolen property in the first degree. The factual background leading to their arrest was discussed by this court when Brown's appeal from her conviction was before us (see, People v Brown, 115 AD2d 791, lv denied 67 NY2d 880). Briefly stated, a routine license check by police revealed that a car parked at a motel in the Town of Colonie, Albany County, had been reported as stolen. Defendant and Brown had been seen using the car. Defendant allowed police to enter his motel room to discuss the matter. Following questioning by police in the motel room, defendant and Brown were arrested and charged with possession of stolen property. A gun seen in plain view by police in the motel room led to the weapons charge. Defendant and Brown made a motion to suppress certain statements and tangible evidence. The motion was denied. They were subsequently tried together before a jury which found them guilty of the charged crimes. Defendant was sentenced as a persistent felony offender to concurrent terms of imprisonment of 25 years to life.

Prefatorily, we note that several issues raised by defendant were previously asserted before this court by Brown. We find the following contentions of defendant meritless for the same reasons stated by this court in People v Brown (supra): that the police illegally entered his motel room; that certain evidence which was in the plain view of the police should have been suppressed; and that the introduction of certain evidence which was unlawfully seized was prejudicial beyond a reasonable doubt.

Defendant also argues on appeal that the first count of the indictment, charging him with criminal possession of a weapon in the third degree, was jurisdictionally defective. An indictment must contain a factual allegation of every element of the offense charged (CPL 200.50 [7] [a]; People v Iannone, 45 NY2d 589, 598-599). The elements of the offense are generally determined by the statute defining the offense (People v Kohut, 30 NY2d 183, 187). If an exception to the offense is contained within the statute defining the offense, "the indictment must allege that the crime is not within the exception"

(supra, at 187; see, People v Bradford, 227 NY 45; People v Newell, 95 AD2d 815; 2 Waxner, NY Crim Prac ¶ 9.3 [6]; cf., People v Rodriguez, 68 NY2d 674, revg on dissenting opn below 113 AD2d 337). A mere citation to the section of the Penal Law charged does not save an otherwise defective indictment (People v Colloca, 57 AD2d 1039, 1040).

Here, defendant was charged with violating Penal Law § 265.02 (4), which provides that:

"A person is guilty of criminal possession of a weapon in the third degree when * * *

"[h]e possesses any loaded firearm. Such possession shall not * * * constitute a violation of this section if such possession takes place in such person's home or place of business."

It is undisputed that this statute contains an exception for possession in one's home or place of business. The indictment charged defendant as follows: "FIRST COUNT: Criminal Possession of a Weapon in the Third Degree in violation of Section 265.02 (4) of the Penal Law of the State of New York, a Class D Felony, in that the [defendant] on or about the 19th day of January, 1984, at approximately 9:00 P.M. at Kim's Motel located on Route 5 in the Town of Colonie, County of Albany, State of New York, did possess a loaded firearm, to wit: at the aforesaid date, time and place the [defendant] did possess a loaded firearm consisting of a loaded .38 caliber revolver." It is evident that the indictment failed to allege the exception provided in Penal Law § 265.02 (4). Thus, a material element of the charged crime was not alleged. The first count of the indictment was, therefore, jurisdictionally defective. Since defendant was not charged with criminal possession of a firearm in the fourth degree and that crime is not a lesser included offense of the charged crime (see, People v Ali, 36 NY2d 880), the first count of the indictment must be dismissed.

Defendant further asserts that he attempted to plead guilty to the entire indictment and that County Court refused to accept his plea. A defendant has a statutory right to plead guilty to the entire indictment (CPL 220.10 [2]). If the court's refusal to accept a defendant's plea of guilty has a subsequent prejudicial effect on the defendant, the judgment of conviction must be reversed (see, People v Rosebeck, 109 AD2d 915). Here, however, it is apparent that defendant's offer to plead guilty was based upon an off-the-record deal with the prosecuting attorney which the court specifically noted it "was not privy to". Further, defendant has not alleged how the court's refusal

to accept his plea prejudiced him. We conclude that, under these circumstances, County Court's actions did not constitute reversible error.

Defendant's remaining contentions, including his assignment of error to the court's determination of persistent felon status and the consequential sentencing, have been considered and found meritless.

Judgment modified, on the law, by reversing defendant's conviction on the first count of the indictment charging him with criminal possession of a weapon in the third degree; sentence imposed thereon vacated and said count of the indictment dismissed; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.