■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BINGHAM, Appellant. [692 NYS2d 823] —Yesawich Jr., J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 3, 1997, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree (two counts) and criminal possession of stolen property in the fourth degree, and (2) by permission, from an order of said court, entered July 28, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After observing defendant brandishing a semiautomatic pistol and stating that he would not be taken alive, Kathleen Denman, defendant's sister, fearing for her own safety, notified the State Police. They investigated the matter and, with Denman's assistance, apprehended defendant. At the conclusion of his jury trial, defendant was convicted of two counts of criminal possession of a weapon in the third degree and one count of criminal possession of stolen property in the fourth degree. Sentenced as a persistent felony offender to concurrent indeterminate terms of imprisonment of 15 years to life on each of the three counts of the indictment, defendant appeals.

There is merit to defendant's *pro se* argument that counts one and two of the indictment were defective. It is bright line law that if the offense charged has an exception contained within the statute, the indictment must contain an allegation that defendant's conduct does not come within the reach of the exception (*see, People v Kohut*, 30 NY2d 183, 187; *People v Best*, 132 AD2d 773, 774-775). Count one of the indictment charges that defendant violated Penal Law § 265.02 (4), which provides that: "A person is guilty of criminal possession of a weapon in the third degree when * * * [h]e possesses any loaded firearm. Such possession shall not * * * constitute a violation of this section if such possession takes place in such person's home or place of business." Inasmuch as the home or business exception is not alleged, this count is jurisdictionally defective and must be dismissed (*see, People v Best, supra*, at 775).

There is also force to defendant's argument that the indictment was unlawfully amended. The second count accuses de-

fendant of criminal possession of a weapon in the third degree (*see*, Penal Law § 265.02 [1]), a felony, but the statutory reference is to Penal Law § 265.01 (1), criminal possession of a weapon in the fourth degree, a misdemeanor. At trial, County Court granted the People's motion to amend that part of count two to allege Penal Law § 265.02 (1), and denied defendant's motion to strike that count. This was error, for although CPL 200.70 (1) permits amendment of an indictment with respect to form, time, place, names of person and the like, here the amendment effected an impermissible substantive change in that it added a new count, a felony, and changed the theory of the prosecution (*see*, *People v Perez*, 83 NY2d 269, 274; *see also*, *People v Green*, 250 AD2d 143, 145, *lv denied* 93 NY2d 273). Accordingly, count two must also be dismissed.

We reject defendant's claim, however, that his warrantless arrest was not supported by probable cause. Hearsay information supplied by an identified citizen and derived from personal knowledge enjoys a presumption of reliability and it may form the basis of probable cause (*see*, *People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833; *People v Washington*, 256 AD2d 639, *lv denied* 93 NY2d 880). The information triggering defendant's arrest came from Denman, who identified herself to the State Police and who, as a citizen concerned for her safety, had a legitimate reason for contacting them. What is more, at Denman's home the State Police investigators recovered several rifles she indicated were defendant's and which the officers' investigation confirmed were stolen. These facts, coupled with a criminal background check revealing that defendant was wanted on outstanding warrants for parole and probation violations, fully justified County Court's suppression hearing ruling that there was probable cause for defendant's warrantless arrest. A necessary consequence of this conclusion is that defendant's related contention that the pistol seized from his person during the arrest should have been suppressed as the fruit of the poisonous tree must also be rejected (*see*, *People v Pegues*, 208 AD2d 773, 774, *lv denied* 84 NY2d 1014).

Defendant's remaining arguments are either unpreserved for review or lacking in merit.

Mercure, J. P., Crew III and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of two counts of the crime of criminal possession of a weapon in the third degree under the first and second counts of the indictment; said counts of the indictment are dismissed; and, as so modified, affirmed. Ordered that the order is modified by reversing so much thereof

as denied defendant's motion pursuant to CPL 440.10 to vacate the judgment insofar as it convicted defendant of two counts of the crime of criminal possession of a weapon in the third degree under the first and second counts of the indictment; motion granted to that extent; and, as so modified, affirmed.