■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON R. HOGABONE, Appellant. [716 NYS2d 836] —Peters, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered October 6, 1999, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

On January 1, 1999, defendant discharged a firearm in a public alleyway in the City of Amsterdam, Montgomery County, hitting a parked car. Indicted for criminal possession of a weapon in the third degree, criminal mischief in the second degree, criminal possession of stolen property in the fourth degree and the illegal discharge of a firearm, defendant entered a plea to a reduced charge of attempted criminal possession of a weapon in the third degree in full satisfaction of the indictment. As part of the plea agreement, he waived his right to appeal. After denying defendant's motion to withdraw his plea, County Court sentenced him to a determinate term of incarceration of three years and ordered restitution in the amount of $2,025.70. Defendant appeals.

We find merit to defendant's contention that merely alleging, in count one of the indictment, that he possessed a loaded firearm "in the City of Amsterdam, Montgomery County" without specifically articulating that such possession took place outside of his home or place of business makes such count jurisdictionally defective (see, Penal Law § 265.02 [4]). As we recently iterated, "[i]t is bright line law that if the offense

charged has an exception contained within the statute, the indictment must contain an allegation that defendant's conduct does not come within the reach of the exception" (*People v Bingham*, 263 AD2d 611, *lv denied* 93 NY2d 1014; *see, People v Rodriguez*, 68 NY2d 674; *People v Kohut*, 30 NY2d 183, 187; *People v Best*, 132 AD2d 773, 774-775). Since a material element of the charged crime was not alleged and that count formed the basis of the plea, the matter must be dismissed. In so finding, we note that defendant's entry of a guilty plea does not constitute a waiver of his right to challenge the accusatory instrument on this basis (*see, People v Beattie*, 80 NY2d 840, 842).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, defendant's plea and sentence vacated, count one of the indictment is dismissed and matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court's decision.