■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v YEVGENIY STRUTS, Respondent. [721 NYS2d 425] —Cardona, P. J.

Appeal from an order of the County Court of Albany County (Rosen, J.), entered August 24, 1999, which granted defendant's motion to dismiss the indictment.

Defendant was indicted on two counts of rape in the third degree, in violation of Penal Law § 130.25 (2), based on two separate instances of alleged sexual intercourse with a female victim immediately before and after her sixteenth birthday. As pertinent to this case, the crime of rape in the third degree is perpetrated when a defendant, "[b]eing twenty-one years old or more * * * engages in sexual intercourse with another person *to whom the actor is not married* [and who is] less than seventeen years old" (Penal Law § 130.25 [2] [emphasis supplied]). Significantly, neither count of the indictment alleges that defendant and the victim were not married to each other as required by the statute. Defendant moved to dismiss both counts of the indictment based on, *inter alia*, the People's failure to allege that the victim was not defendant's wife. County Court granted that motion and the People appeal.

We affirm. An indictment must contain a factual allegation of every element of a crime charged (CPL 200.50 [7]) and we have held that " '[i]t is bright line law that if the offense charged has an exception contained within the statute, the indictment must contain an allegation that defendant's conduct does not come within the reach of the exception' " (*People v Hogabone*, 278 AD2d 525, 525-526, quoting *People v Bingham*, 263 AD2d 611, *lv denied* 93 NY2d 1014; *see, People v Kohut*, 30 NY2d 183, 187). Since both counts of the indictment herein fail to state that defendant's alleged conduct does not come within the exception for married couples, County Court properly dismissed the indictment as facially invalid. Thus, even if it could be successfully argued that evidence of marital status was presented to the Grand Jury, that proof would not cure this facially defective indictment.

Furthermore, we do not agree with the People's contention that this critical omission from the indictment "was merely a typographical error rather than a substantive defect." The failure to allege such an element is a fatal defect of the charging document (*see, People v Kohut, supra; People v Hogabone, supra*). We are similarly unpersuaded by the People's argument that they should have been allowed to amend the indictment to include the fact that "the actor was not married to the victim" since such an amendment would be one of "form, time, place, names of persons and the like" as permitted by CPL 200.70 (1). In our view, such an amendment, even if properly requested before County Court in this case, would be barred by

statute, since it would be "for the purpose of curing * * * [a] failure thereof to charge or state an offense" (CPL 200.70 [2]; *see, People v Bingham, supra*). Thus, dismissal of both counts of the indictment was proper.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed.