OPINION OF THE COURT
Gerald Harris, J.
Defendant, Michael Flowers, was tried by the court without a jury on March 2, 2005. The prosecutor’s information contains a single count, charging a violation of Rules Governing the Conduct and Safety of the Public in the Use of the Facilities of the New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (21 NYCRR) § 1050.6 (b) (2), unlawful solicitation in the subway. The second paragraph of the prosecutor’s information reads as follows: “The defendant, in the County of New York, on or about November 15, 2004, solicited money and payment for food, goods, and services and panhandled and begged upon a transit facility and conveyance without authority of the Transit Authority.”
Police Officer Robert Frost testified that, on November 15, 2004, from a subway car, he observed the defendant standing and speaking in the next car. Officer Frost could not hear what the defendant was saying. Thereafter, from the same vantage, he observed the defendant approach passengers and shake a cardboard tube in front of them. He saw no money put in the tube.
At the 42nd Street station, Officer Frost walked to the door of the car occupied by the defendant and asked him to exit. When defendant did so, he said to the officer, “I’m trying to feed the homeless.”
The officer did not testify that he recovered the tube or observed its contents. He did observe that the defendant was wearing something around his neck but did not recall what was written on it.
There was no testimony that the defendant did not display evidence of authority to solicit or that he was asked for and failed to produce such evidence.
The rules governing the conduct of the public in the use of the facilities of the New York City Transit Authority are set *518 forth in 21 NYCRR chapter XXI (the rules). Section 1050.3 (b) of the rules provides in relevant part: “Any act otherwise prohibited by any of the rules is lawful if specifically authorized by . . . permit, [or] license . . . .”
The defendant is charged with violating section 1050.6 (b) (2) which provides that:
“(b) No person, unless duly authorized by the authority shall engage in any commercial activity upon any facility or conveyance. Commercial activities include . . .
“(2) the solicitation of money or payment for food, goods, services or entertainment. No person shall panhandle or beg upon any facility or conveyance.”*
It is also relevant to note that section 1050.6 (c) provides:
“Except as expressly authorized and permitted in this subdivision, no person shall engage in any non-transit uses upon any facility or conveyance. Non-transit uses are noncommercial activities that are not directly related to the use of a facility or conveyance for transportation. The following nontransit uses are authorized and permitted by the authority, provided they do not impede transit activities and they are conducted in accordance with the rules governing the conduct and safety of the public in the use of the facilities of New York City Transit Authority . . . public speaking; . . . artistic performances, including the acceptance of donations; solicitation for religious or political causes; solicitation for charities [that have been licensed for public solicitation or are duly registered] . . . Solicitors for such charities shall provide, upon request, evidence that such charity meets [such] qualifications.
“(1) Permitted nontransit uses may be conducted in the transit system except when on or within: a subway car . . . .”
In summary, a person may not engage in commercial activities, such as selling goods or services, without authorization from the Authority. A person may not beg in a subway car. Noncommercial activities such as public speaking, performing or soliciting for religious or political causes are expressly authorized except within subway cars.
The first issue is whether the People are required to plead and prove that the defendant’s actions were not authorized by *519 the Authority or whether the existence of such authorization is an affirmative defense to be raised by the defendant. Here, the People have pleaded the lack of authority but offered no evidence to prove it.
Where as here, the statute (or regulation) which defines the violation contains the exception within it, it is generally held that the burden is upon the People to prove that the defendant’s actions are not within the exception. (People v Kohut, 30 NY2d 183 [1972]; People v Sylla, 7 Misc 3d 8 [App Term, 2d Dept 2005].) When the exception is found outside of the statute it is usually termed a “proviso” and is a matter for the defendant to raise as a defense. (Kohut, supra; People v D’Angelo, 284 AD2d 146 [1st Dept 2001], affd on other grounds 98 NY2d 733 [2002].) However, this distinction should not be so mechanically applied that substance yields to form. (People v Campbell, 6 Misc 3d 130[A], 2005 NY Slip Op 50064[U] [App Term, 2d Dept 2005].)
As the court in Campbell (supra at *1) explains: “[I]t is not conclusive that the statute invokes the exemption . . . Rather, the issue is whether the exemption on its face exhausts the limitations on enforcement, and if not, whether the result fairly apportions the burden of proof and comports with rational pleading requirements . . . .”
Requiring that the People prove the defendant lacked authorization to engage in the activity alleged would not impose an undue burden. First, the officer is empowered to ask for, and the defendant required to provide, true information or documents (21 NYCRR 1050.6 [d] [3]). There is no testimony that such information or documentation was requested. Second, the absence of authorization can be established by putting into evidence a certified public record or other form of admissible business entry. Finally, the rules could be amended to provide that a failure to display or provide when requested proof of authorization shall be presumptive evidence that a person is not duly authorized. {See, for example, Administrative Code of City of NY § 20-474.3 [presumption that a general vendor who fails to display or provide a license is unlicensed], or Vehicle and Traffic Law § 507 [2] [failure to provide driver’s license is presumptive evidence of unlicensed driving].)
The court, thus, concludes that, in a prosecution for engaging in commercial activity in the subway system, the People must allege and prove a lack of authorization for such activity. Manifestly, they have failed to do so.
The People argue that the defendant did not engage in commercial activity but, instead, violated the final sentence of *520 section 1050.6 (b) (2) which reads “[n]o person shall panhandle or beg upon any facility or conveyance.” That prohibition appears to be absolute and not conditioned upon the absence of authority. (See, Young v New York City Tr. Auth. (903 F2d 146 [2d Cir 1990].) However, such a reading requires a conclusion that section 1050.6 (b) contains at least two separate and distinct violations: unauthorized commercial activity, such as selling food, goods or services, and begging.
The prosecutor’s information impermissibly lumps both charges within a single count. Such an accusatory instrument is, thus, duplicitous, and must be dismissed. (People v Keindl, 68 NY2d 410 [1986].)
Finally, even if it is assumed that the People do not have the burden of proving a lack of authority, and the prosecutor’s information is not defective in charging two separate violations within a single count, the People still have failed to prove defendant’s guilt beyond a reasonable doubt.
The officer who testified did not hear the defendant solicit money, saw no money given to the defendant, found no money within the tube carried by the defendant and attributes to the defendant the ambiguous comment “I’m trying to feed the homeless.” While a commonsense interpretation of the circumstances described by the officer may strongly suggest that the defendant probably was engaged in some form of solicitation, such testimony falls short of proof beyond a reasonable doubt.
For all of the above reasons, the defendant is found not guilty.

 Conveyance includes any subway car. (21 NYCRR 1050.2 [e].)