OPINION OF THE COURT
James C. Harberson, Jr., J.
The defendant has been charged under Penal Law § 165.00 (1) (b) for failure to return property under the terms of a “Rental Lease Purchase Agreement” made with North Country Rent- *436 To-Own on March 25, 2005. The defense moves to dismiss the accusatory instrument as being facially insufficient under Criminal Procedure Law § 100.40 (1), citing People v Alejandro (70 NY2d 133 [1987]).
Issue
In People v Casey (95 NY2d 354, 362 [2000]), the Court explained Alejandro and the issue resolved by that decision to involve “a failure to satisfy the first requirement of CPL 100.40 (1) (c), in that there was a total absence of pleading of one of the elements of the crime.”
Regarding Alejandro, the Casey court noted “the two ‘prima facie’ requirements of CPL 100.40 (1) (c) — that first, there must be factual allegations establishing every element of the offense and second, those allegations must be ‘non-hearsay’ ” {id. at 362) before going on to state that “[t]he Alejandro case . . . involved a failure to satisfy the first requirement of CPL 100.40 (1) (c), in that there was a total absence of pleading of one of the elements of the crime” {id.).
The defense argument addresses both of these “two ‘prima facie’ requirements of CPL 100.40 (1) (c)” {id.) and the People argue that the “accusatory information and papers filed . . . are sufficient” in response to the defense motion to dismiss due to facial insufficiency.
The court holds that these issues are moot because the court finds that a “rental purchase agreement” as defined at Personal Property Law, article 11, § 500 (6) is not a “rental agreement,” as defined in General Business Law § 399-w (1) (c), which is subject to Penal Law § 165.00 (1) (b) enforcement.
When the Legislature enacted Penal Law § 165.00 (1) (b), (c) and (3) in 1995 it was to remedy the problem of “the failure of renters to return rented property ... an abuse that ‘is becoming an increasing and alarming occurrence’ ” (see Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.00, at 397).
In other commentary, Professor Abraham Abramovsky observed that “[a]rticle 165 . . . criminaliz[ed] conduct” that was not a crime “at common law, although some, such as . . . misapplication of property, have their roots in common law civil causes of action” and as such “lawmakers . . . wary of transforming them indiscriminately into criminal offenses” made sure “provisions of article 165 are carefully delineated to prevent large numbers of needless criminal charges based on *437 numerous complaints that could better be handled in civil court” (see Abraham Abramovsky, Theft-Related Offenses: An Analysis of Penal Law Article 165, NYLJ, Aug. 8, 1996, at 3, col 1).
As part of the Legislature “carefully” delineating the provisions of article 165 when criminalizing common-law civil actions such as misapplication of property, Penal Law § 165.00 (1) (b), (c) and (3) incorporated by reference General Business Law § 399-w.
General Business Law § 399-w states that:
“2. Any owner who rents personal property shall:
“(a) conspicuously post a sign in a prominent and visible area in the place of business, measuring at least two feet by four feet in writing of at least thirty-six point print, with the following notice:
“RENTAL INFORMATION
“WARNING! Failure to return rented property pursuant to the terms of the rental agreement may subject the renter to criminal prosecution.
“(b) include in all rental contracts, in writing in at least twelve point print, the following notice:
“Failure to return rented property under the terms of this agreement may subject the undersigned party (ies) to criminal prosecution.”
In addition, Penal Law § 165.00 (1) (b) (iii) requires the owner to serve a written demand for return of the personal property which includes a further warning “that the continued withholding or retaining of the property may constitute a class A misdemeanor punishable by a fine of up to one thousand dollars or by a sentence to a term of imprisonment for a period of up to one year or by both such fine and imprisonment.”
Taken together these tripart warnings to a lessee that a failure to return rented property may subject the lessee to being charged with a crime reflects the “general purposes” of the Penal Law “[t]o give fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction” (Penal Law § 1.05 [2]) — nullum crimen sine legae (People v Eisen, 77 Misc 2d 1044, 1047 [1974]).
Criminal prosecution is not authorized to be commenced by Penal Law § 165.00 (1) (b) and (3) unless General Business Law § 399-w (2) (a) and (b) warnings to advise the lessee of possible criminal action were on the wall, in the contract as well as in *438 the subsequent written demand served on the lessee required by Penal Law § 165.00 (1) (b) (iii).
The basis for the court’s conclusion is that Penal Law § 165.00 (1) (b) and General Business Law § 399-w are statutes in pari materia.
In pari materia “means upon the same matter or subject” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 221, at 374). “[T]he rules as to statutes in pari materia apply with peculiar force to statutes passed at the same legislative session” (id. at 375).
“[I]t is the duty of the courts to construe all parts of a statute together, and the same fundamental canon of interpretation is extended to statutes in pari materia ... to aid in determining the legislative intent and purpose” (id. at 376-377) so “statutes enacted at the same session of the legislature relating to the same subject should be construed together” (id. at 379).
McKinney’s Statutes § 97 states: “[I]t is a fundamental rule of statutory construction that a statute or legislative act is to be construed as a whole, and that all parts . . . are to be read and construed together to determine the legislative intent” (id. at 211). That “intention . . . is to be found not in the words of a particular section alone but by comparing it with other parts or provisions of the general scheme of which it is part” (id. at 213).
“Penal provisions of a statute are to be considered in construing nonpenal provisions”; and, further, “[n]ot only are different parts of the same act interpreted together but different acts which are in pari materia are to be construed in light of each other” (id. at 215) — thus, “different parts of the same act, though contained in different sections, are to be construed together as if they were all in the same section” (id. at 216).
Therefore, “[i]n seeking the legislative intent, words absolute in themselves . . . may be qualified and restricted by reference to other parts of the statute or to other acts on the same subject” (id. at 215) — and “[c]lear words of restriction in a statute enforceable by criminal sanctions may not be ignored by any surmise as to legislative intent” (§ 272, at 441), but rather, penal law “construction must follow the clear intent of the Legislature, and penal statutes must be construed to effect that intent” (id. at 440).
Penal Law § 165.00 (1) (b), (c) and (3) and General Business Law § 399-w are enactments “in pari materia ... to be construed in light of each other” (Statutes § 97, at 215).
*439 In doing so one finds excepted from the application of Penal Law § 165.00 (1) (b) rental contracts involving personal property of $100 or less (Penal Law § 165.00 [1] [b]) and “rental purchase agreements as regulated by article eleven of the personal property law” specifically excluded from the notice requirements by General Business Law § 399-w (3) — notice requirements essential to prosecution under Penal Law § 165.00 (1) (b) as without them being made as prescribed at General Business Law § 399-w (2) (a) and (b), it is a defense to the charge of misapplication of property under Penal Law § 165.00 (3) (c).
These “[c]lear words of restriction in a statute enforceable by criminal sanctions may not be ignored by any surmise as to legislative intent” (Statutes § 272, at 441) because in the case of a penal law “construction must follow the clear intent of the legislature and penal statutes must be construed to effect that intent” (id. at 440).
Any argument that Penal Law § 165.00 (1) (b) applies to rental contracts for which General Business Law § 399-w warnings are not mandated, thus circumventing the carefully crafted inclusion of them by the Legislature’s incorporation by reference of General Business Law § 399-w warnings into Penal Law § 165.00 (1) (b) and (c), considering that their absence from the rental contract’s formation process provides a complete defense to the charge if “at the time prosecution was commenced . . . (c) the owner failed to comply with provisions of [General Business Law § 399-w]” (Penal Law § 165.00 [3] [c]) making the statute unenforceable, must be rejected by the court.
As this court stated in People v Tracy (1 Misc 3d 308, 314 [2003]), “[t]his conclusion allows these various sections of the statute to operate ‘harmoniously rather than in conflict (Statutes § 98 [b])’ (People v Gorman, 195 Misc 2d 211, 215 [2003]), . . . [avoiding] absurdity (McKinney’s Cons Laws of NY, Book 1, Statutes § 145; id. at 213).”
In this way a consumer is given “fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction” (Penal Law § 1.05 [2]) before signing the rental agreement, in the terms of the agreement, and after signing it of the criminal consequences if the lessee fails to return the property upon demand.
This construction prevents any person from being prosecuted for a failure to return a rented item who had not been previously informed before renting it, as provided by General Business Law § 399-w, of possible criminal charges for not returning it.
*440 The court finds the Legislature clearly intended to preclude criminal prosecution of all rental contracts to which the notice requirements mandated at General Business Law § 399-w (2) (a) and (b) were not given and exclude Personal Property Law article 11 “rental-purchase agreements” specifically excluded from General Business Law § 399-w notice requirements at General Business Law § 399-w (3) (a).
The court finds that Penal Law § 165.00 (1) (b) does not apply to “rental purchase agreements as regulated by article eleven of the personal property law” (General Business Law § 399-w [3] [a]) and that the “Rental Lease Purchase Agreement” signed by the defendant on March 25, 2005 as it provided the defendant the “legal right to become the owner of the property at the end of the rental period” (Personal Property Law § 506 [1]), and “permitt[ed] the lessee to become owner of the property” (Personal Property Law § 500 [6]) at paragraphs 5 (“If you chose to rent to own”) and 7 (“If you wish to purchase the rental property you may do so at any time”) was a “rental purchase agreement” not subject to Penal Law § 165.00 (1) (b) enforcement.
The charge under Penal Law § 165.00 (1) (b) against the defendant is dismissed.