OPINION OF THE COURT
James C. Harberson, Jr., J.
Facts
In this case the defendant has been charged under Penal Law § 165.00 (1) (b), misapplication of property, alleging that she *215 violated her contracts with Rentway to return a bedroom set and a TV wall unit entered into on March 5, 2004 and October 14, 2004.
The defense has moved to dismiss this case due to facial insufficiency because the accusatory instrument and none of the supporting documents filed with it include a copy of these two rental agreements. The People oppose the defense motion on the grounds that “the accusatory information and the papers filed therewith are sufficient.”
In this case, unlike two other cases involving Penal Law § 165.00 (1) (b) recently decided by this court, People v Sagesse (13 Misc 3d 435 [2006]) and People v Compeau (Docket No. 35864), in which a copy of the lease contract was filed with the accusatory instruments, no copies of the Rentway contracts with the defendant were filed.
The court in Sagesse and Compeau, because a copy of the agreement signed by the defendants was affixed as part of the accusatory instrument, was able to conclude that based upon the terms of those contracts both were clearly not “rental agreements” subject to Penal Law § 165.00 (1) (b), defined at General Business Law § 399-w (1) (c) per Penal Law § 165.00 (1) (c), but rather, were “rental purchase agreements . . . regulated by article eleven of the personal property law” specifically excepted from the purview of General Business Law § 399-w by General Business Law § 399-w (3) (a) (Sagesse at 439) and both cases were dismissed.
In this case, because the Rentway agreements were not included as part of the accusatory instrument, the issue of whether the People would be required to allege as an element of the crime of Penal Law § 165.00 (1) (b) that each agreement was not a “rental purchase agreement” defined at Personal Property Law article 11, and support said allegation by making a copy of it part of the pleadings showing by its terms it was a “rental agreement” (General Business Law § 399-w [1] [c]), must be addressed by the court.
Exemption Issue
The question is whether there is an “exception” in the law concerning misapplication of property (Penal Law § 165.00 [1] [b], [c]; [3]) making it “necessary for the . . . People in an action based upon the statute to negative both by pleadings and by proof’ that the exception to the law did not apply in the case (People v Kollender, 169 Misc 995, 998 [1939]).
*216 In 1995 the Legislature enacted two statutes, Penal Law § 165.00 (1) (b), (c) and (3) (L 1995, ch 372, § 1) and General Business Law § 399-w (L 1995, ch 372, § 2) on the same day.
Penal Law § 165.00 (1) (b), (c) and (3) and General Business Law § 399-w, then, having been enacted at the same time as part of the Legislature’s effort to criminalize certain rental agreements if the property “rented” was not returned, are in pari materia and shall be read together (McKinney’s Cons Laws of NY, Book 1, Statutes § 221, at 375).
Penal Law § 165.00 (1) (c) states that the rental agreement “as used in paragraph (b) . . . shall be defined as in [General Business Law § 399-w (1) (c)].” General Business Law § 399-w (1) (c) defines a “rental agreement” as “the total legal obligation that results from a written rental contract between a person and the owner for the rental of personal property.”
Penal Law § 165.00 (3) states, “In any prosecution under paragraph (b) of subdivision one of this section, it is a defense that at the time the prosecution was commenced ...(c) the owner failed to comply with the provisions of [General Business Law § 399-w].”
That being the case, it is reasonable to observe that an exception to Penal Law § 165.00 are rental contracts of $100 or less as spelled out in the opening sentence of subdivision (1) (b) and it applies to “rental agreements” as “shall be defined as in [General Business Law § 399-w (1) (c)]” (Penal Law § 165.00 [1] [c]).
So, if a contract is valued at $100 or less and/or is not defined as a “rental agreement” under General Business Law § 399-w (1) (c), the criminal sanctions under Penal Law § 165.00 (1) (b) would not be applicable when the rented property is not returned under that contract, i.e., a rented DVD valued at less than $100 which has not been returned to the local rental store and/or a rental contract for an item valued at more than $100 that is not in writing (General Business § Law 399-w [1] [c]).
Furthermore, as the type of “rental agreement” subject to prosecution under Penal Law § 165.00 (1) (b) “shall be defined as in” General Business Law § 399-w (1) (c) (Penal Law § 165.00 [1] [c]) and since General Business Law § 399-w (3) (a) states, “This section [and therefore its definitions at General Business Law § 399-w (1) (a), (b) and (c)] shall not apply to: (a) rental purchase agreements as regulated by article eleven of the personal property law,” a “rental agreement” defined at General Business Law § 399-w (1) (c) is not one to which General *217 Business Law § 399-w would apply if it is a rental purchase agreement “regulated by article eleven of the personal property law” (General Business Law § 399-w [3] [a]).
Thus, Penal Law § 165.00 (1) (b) does not apply to a contract to rent an item that is valued at $100 or less, that is not in writing as defined at General Business Law § 399-w (1) (c) and/or is a “rental purchase” agreement “regulated” by Personal Property Law article 11 — as General Business Law § 399-w by its own terms excludes its application to such agreements (General Business Law § 399-w [3] [a]). It is also to be noted that section 506 of the Personal Property Law, “Exempted transactions,” states,
“This article [article 11] does not apply to:
“(1) Agreements for the rental of merchandise in which the person who rents . . . has no legal right to become the owner of the property at the end of the rental period.”
Penal Law § 165.00 (3) states that “[i]n any prosecution under paragraph (b) of subdivision one of this section, it is a defense that, at the time the prosecution was commenced, . . . (c) the owner failed to comply with the provisions of [General Business Law § 399-w].” This means that because rental purchase agreements regulated by Personal Property Law article 11 are excluded from the application of General Business Law § 399-w by its own terms (General Business Law § 399-w [3] [a]), no “prosecution” could commence based on a rental purchase agreement because “the owner failed to comply with the provisions of [General Business Law § 399-w]” not only because he did not have to in such case, but also because he could not as General Business Law § 399-w does not apply to a “rental purchase agreement” excluded therein under General Business Law § 399-w (3) (a).
In light of the above, the question is whether the People must show in the pleadings that the “rental agreement” in Penal Law § 165.00 (1) (b) which “shall be as defined” at General Business Law § 399-w (1) (c) per Penal Law § 165.00 (1) (c) is not one “excepted” from General Business Law § 399-w application by subdivision (3) (a) of that law and as such must be pleaded and proved inapplicable, that is, negatived by the prosecution (Kollender, supra at 998).
In People v Campbell (6 Misc 3d 130[A], 2005 NY Slip Op 50064[U], *1 [2005]), the court observed that “a true exception [is one] which prohibits enforcement in a defined class of cases, and which, as an element of the offense, the People must plead *218 and prove inapplicable.” A failure to plead this “element of the offense” would leave the accusatory instrument facially deficient as a complaint or information, a jurisdictional defect under People v Alejandro (70 NY2d 133 [1987]), as here, for a failure to allege any facts to support the element that the contract was not a “rental agreement” under General Business Law § 399-w (1) (c).
In People v Sylla (7 Misc 3d 8 [2005]), the court outlined the “general rule” and how to “distinguish between exceptions and provisions” observing that
“in applying the above rule, courts have generally held that when a statute contains as part of its enacting clause an exception to the effect that under certain circumstances the offense is not to be considered as having been committed, that constitutes a true exception which must be negated by the prosecution” (id. at 12).
The Campbell court went on to observe and then concluded about the “exemption” issue in that case (at *2):
“[T]hus, it is not conclusive that the statute invokes the exemption (e.g. People v Bull, 5 Misc 3d 39, 41 [App Term 1st Dept 2004]). Rather, the issue is whether the exemption on its face exhausts the limitations on enforcement, and if not, whether the result fairly apportions the burden of proof and comports with rational pleading requirements, for example, that the accusatory instrument be not so ‘drawn out to intolerable lengths’ (227 NY at 401) as to defy reason and common sense (see People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354, 360 [2000]). Here, the exemption, invoked only by reference, provides no information as to the enforcement limitations as set forth in a nearly 300-word compilation located outside the Penal Law (see Judiciary Law § 753-a). It would be unduly burdensome to require that the People allege the absence of the numerous exclusions from prosecution enumerated therein, and if they need not allege the whole, there is little utility in a rule requiring that they allege the exemption as conclusorily referenced in the statute. It suffices that the People plead and prove a basis for the charge.”
*219 In People v Flowers (8 Misc 3d 516, 519 [2005]), after citing the same guidelines, the court went on to conclude the exception had to be negatived in the pleading in that case:
“Where as here, the statute (or regulation) which defines the violation contains the exception within it, it is generally held that the burden is upon the People to prove that the defendant’s actions are not within the exception. (People v Kohut, 30 NY2d 183 [1972]; People v Sylla, 7 Misc 3d 8 [App Term, 2d Dept 2005].) When the exception is found outside of the statute it is usually termed a ‘proviso’ and is a matter for the defendant to raise as a defense. (Kohut, supra; People v D’Angelo, 284 AD2d 146 [1st Dept 2001], affd on other grounds 98 NY2d 733 [2002].) However, this distinction should not be so mechanically applied that substance yields to form. (People v Campbell, 6 Misc 3d 130[A], 2005 NY Slip Op 50064[U] [App Term, 2d Dept 2005].)
“As the court in Campbell (supra at *1) explains: ‘[I]t is not conclusive that the statute invokes the exemption . . . Rather, the issue is whether the exemption on its face exhausts the limitations on enforcement, and if not, whether the result fairly apportions the burden of proof and comports with rational pleading requirements . . . ’
“Requiring that the People prove the defendant lacked authorization to engage in the activity alleged would not impose an undue burden.”
This court concludes that Penal Law § 165.00 (1) (c) defines a “rental agreement” in subdivision (1) (b) as “shall be defined as in [General Business Law § 399-w (1) (c)],” and since section 399-w “shall not apply to: (a) rental purchase agreements as regulated by [Personal Property Law article 11]” (General Business Law § 399-w [3] [a]), then “this exemption on its face exhausts the limitations on enforcement” (Campbell, supra at *2) to only “rental agreements” defined at General Business Law § 399-w (1) (c) subject to the terms of that section while specifically excluding “rental purchase agreement^]” regulated exclusively by Personal Property Law article 11 (General Business Law § 399-w [3] [a]).
To paraphrase Campbell (at *2), while “[h]ere, the exemption, invoked only by reference, [does] provide[ ] . . . information as to the enforcement limitations as set forth” at *220 Penal Law § 165.00 (1) (c) and General Business Law § 399-w (1) (c) and (3), unlike in Campbell (at *2) where such limitations were referenced to a “nearly 300-word compilation located outside the Penal Law [making it] unduly burdensome to require that the People allege the absence of the numerous exclusions from prosecution enumerated therein,” in the case of Penal Law § 165.00 (1) (b) the rental contract excluded is limited by a single reference to a single section of General Business Law § 399-w “located outside the Penal Law” that excludes from section 399-w rental purchase agreements regulated by Personal Property Law article 11.
In the Flowers case (at 519), the court found that the exemption requirement it found in that case “ ‘fairly apportioned] the burden of proof and comport[ed] with rational pleading requirements’ [Campbell, supra, at *2],” concluding that to require “the People [to] prove the [contract was not a ‘rental purchase agreement’ excluded from ‘rental agreements’ subject to Penal Law § 165.00 (1) (b)] would not impose an undue burden,” to paraphrase Flowers.
The People, then, when preparing an accusatory instrument alleging a violation of Penal Law § 165.00 (1) (b) so as to be sufficient on its face “must [include] a factual allegation of every element of a crime charged . . . [and] must allege that the crime is not within any exception to the offense contained within the statute defining the offense” (People v First Meridian Planning Corp., 201 AD2d 145, 154 [1994]).
The accusatory instrument, “ ‘if the offense charged has an exception, . . . must contain an allegation that defendant’s conduct does not come within the reach of the exception’ ” (People v Struts, 281 AD2d 655, 656 [2001] [citations omitted]), and where the accusatory instrument fails “to state that defendant’s alleged conduct does not come within the exception” {id.), which in this case is a contract for a rental purchase agreement regulated by Personal Property Law article 11, the accusatory instrument must be dismissed “as facially invalid” (Struts at 656).
Conclusion
The court finds that because the People failed to allege as an element of their pleading that each “rental contract” at issue was not a “rental purchase agreement,” and did not affix a copy of the agreement signed by the defendant to its pleadings, the *221 accusatory instrument was a facially insufficient information (CPL 100.40 [1] [a], [b], [c]; Alejandro).
The defense motion is granted and the charge is dismissed without prejudice to the People to file a new accusatory instrument if the action is not time-barred.