OPINION OF THE COURT
David L. Steinberg, J.
Defendants Jeffrey Mahoney and Deborah Mahoney move to dismiss the information charging seven counts of conducting animal husbandry without proper approvals (Hyde Park Town Code §§ 108-5.14, 108-2.2). They argue their factual innocence in that the animal husbandry provisions of the Town Code are being improperly applied to chickens they own and possess on their property as domesticated household pets. Although the defendants do not specify the section or sections of the Criminal Procedure Law applicable to their motion to dismiss, this court will treat their motion as one that is based on the grounds that the accusatory instrument is jurisdictionally defective because it is facially insufficient (CPL 170.30 [1] [a]) and further that there exists some other jurisdictional or legal impediment to conviction of the defendants for the offense charged, i.e., factual innocence. (CPL 170.30 [1] [f].)
The People charged defendants in one information with conducting animal husbandry without the proper approvals in violation of Hyde Park Town Code §§ 108-5.14 (use regulations), 108-2.2 (definitions), 108-4.3 (B) (5), 108-9.2 (B) (1) and 108-35.1 (site plan required for use). The factual part of the information alleges: “I, Bruce J. Donegan, observed chickens and other animals typically associated with farming and animal husbandry on 8/3/10, 8/25/10, 9/13/10, 9/20/10, 9/28/10, 10/6/10, 10/ 26/10.”
The information alleges the defendants committed such multiple zoning violations at 17 Yates Avenue in the Town of Hyde Park, Dutchess County, State of New York.
The “household pets” exception claimed by defendants is set forth in the defining statute of Hyde Park Town Code § 108-2.2, which states animal husbandry is “[t]he keeping, grazing, breeding, feeding and care of animals other than household pets.” *889 Thus, the Town Code specifically creates a “household pets” exception to the “no animal husbandry without site plan approval” provisions in the Code.
Factual Innocence Claim
Defendants assert a claim of factual innocence entitling them to dismissal of the charge. They rely upon the household pets exception within the Town Code’s definition of animal husbandry. (Hyde Park Town Code § 108-2.2.) They provide letters from several Town Board members confirming they had appeared before the Town Board to advise they intended to purchase chickens as domestic pets and not for husbandry. They state no opposition was raised by the Town Board regarding their intended purchase of the chickens. Indeed, the two Town Board members who wrote letters in support of defendants confirm there was no objection by that body to the defendants’ expressed desire to purchase chickens as domestic pets. (Letter of Councilman Michael Athanas, dated Nov. 17, 2010; letter of Councilwoman Sue Serino, dated Nov. 18, 2010.) Other letters from neighbors are submitted in support of defendants’ claim the chickens are being kept as household pets.
Defendants make a compelling case for dismissal on factual innocence grounds before trial. Their extensive factual statements are not contradicted by the People, who have not filed answering papers in this case. It is well settled that “[n]ormally what is not disputed is deemed to be conceded.” (People v Wright, 86 NY2d 591, 596 [1995]; People v Cole, 73 NY2d 957 [1989]; People v Ciaccio, 47 NY2d 431, 438 [1979]; People v Gruden, 42 NY2d 214, 216 [1977].) Nevertheless, the People are only obligated at this stage to present a facially sufficient accusatory instrument. Unlike the civil law where a motion for summary judgment may result in an accelerated judgment in favor of a party based upon undisputed or proved facts, our Criminal Procedural Law provides no similar remedy for a pretrial judicial determination of the facts based upon a defendant’s assertion of factual innocence.
Accordingly, the motion to dismiss based upon factual innocence grounds is denied.
Facial Sufficiency
The facial sufficiency of the accusatory instrument is the basis for the court’s authority to proceed with the criminal action. If the instrument is facially insufficient, the criminal action must be dismissed. (CPL 170.30 [1] [a]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL *890 100.40, at 387 [2004].) Facial sufficiency is a nonwaivable, jurisdictional prerequisite to a prosecution. (People v Alejandro, 70 NY2d 133 [1987]; People v Hall, 48 NY2d 927 [1979]; People v Case, 42 NY2d 98 [1977].)
The Court of Appeals has repeatedly held with respect to facial insufficiency, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354 [2000].) The standard for pleading a prima facie case is lesser than the heavy burden of proof beyond a reasonable doubt required at trial. (People v Henderson, 92 NY2d 677, 680 [1999].)
Indeed, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005]). The complete omission of an element from the face of the accusatory instrument, however, is a jurisdictional defect that requires dismissal. (CPL 100.40 [1] [b], [c]; People v Konieczny, 2 NY3d 569, 576 [2004]; People v Inserra, 2 NY3d 741 [2004].)
An information, to be sufficient, must meet three statutory tests. First, it must contain an accusatory section and a factual section setting forth “facts of an evidentiary character supporting or tending to support the charges.” (CPL 100.15 [3]; 100.40 [1] [a].)
Second, the factual part, together with any supporting depositions, must provide reasonable cause to believe the defendant committed the offense charged. (CPL 100.40 [1] [b].) “[RJeasonable cause” exists when “evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].)
Third, in addition to the reasonable cause requirement, an information must contain nonhearsay allegations in the factual part of the information and in any supporting depositions, which, if true, establish “every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c]; People v Kalin, 12 NY3d 225, 228-229 [2009].) This last require *891 ment is known as the “ ‘prima facie case’ requirement” (People v Alejandro, 70 NY2d 133, 137 [1987]; People v Jones, 9 NY3d 259, 262 [2007]), meaning that a facially sufficient information must contain enough factual allegations to establish a prima facie case. This additional showing is required because, unlike a felony complaint, a misdemeanor information “is not followed by a preliminary hearing and a Grand Jury proceeding” and consequently, there is no pretrial proceeding at which the People are required to present actual evidence demonstrating a prima facie case as with an indictment following a felony complaint. (People v Alejandro at 138.)
When assessing the facial insufficiency of an accusatory instrument, a court must view the facts in the light most favorable to the People (see People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000], lv denied 95 NY2d 835 [2000]). However, conclusory allegations are insufficient (see People v Dreyden, 15 NY3d 100 [2010]; People v Dumas, 68 NY2d 729 [1986]).
Critical to the inquiry in this case is whether if a defining statute, as here, contains an exception, the absence of the existence of the exception is a material element that must be alleged in the accusatory instrument. As the Court of Appeals explained in People v Santana (7 NY3d 234 [2006]):
“[e]ssential allegations are generally determined by the statute defining the crime. If the defining statute contains an exception, the [accusatory instrument] must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense” (id. at 236-237, quoting People v Kohut, 30 NY2d 183, 187 [1972]).
Similarly, more recently in People v Davis (13 NY3d 17 [2009]), the Court of Appeals addressed an exception contained in a New York City Parks Department rule which provided that no person shall fail to obey park signs, “except such sign may be disregarded upon order” by a police officer or Parks Department employee {id. at 31). The Court concluded in Davis that “as a matter of common sense and reasonable pleading,” the City Parks Department did not intend that the People plead and prove that no police officer or Parks Department employee had authorized defendant to ignore a posted closing time (id. at 11). “Such information is uniquely within a defendant’s knowledge, *892 and to require the People to plead and negate the existence of the relevant permission would require them to go to ‘intolerable lengths,’ including innumerable interviews of officers and employees in the area during the date in question” (id. at 32, quoting People v Devinny, 227 NY 397 [1919]).
In contrast, in People v Rodriguez (68 NY2d 674, 675 [1986], revg on dissenting op of Lazer, J., 113 AD2d 337, 343-348 [2d Dept 1985]), the Court of Appeals held Penal Law § 265.02, which defines criminal possession of a weapon in the third degree, includes an exception for certain loaded firearms that a person possesses in his or her home or business. (See Penal Law § 265.02 [4].) Because these exceptions are included in the same provision that defines the crime of criminal possession of a weapon in the third degree, the absence of these exceptions must be expressly alleged in the accusatory instrument to be legally sufficient. (People v Chata, 8 AD3d 674 [2d Dept 2004], lv denied 3 NY3d 672 [2004] [same holding]; People v Torres, 188 Misc 2d 58, 61-62 [Crim Ct, Bronx County 2001] [failure to allege that the falsely reported incident did not actually occur rendered the accusatory instrument charging defendant with falsely reporting an incident jurisdictionally defective]; see also People v Stevens, 13 Misc 3d 214, 218-220 [Watertown City Ct 2006] [failure to allege in accusatory instrument that defendant’s rental contract was not an exempt “rental purchase agreement” which is a true exception under the misapplication of property statute, Penal Law § 165.00 (1) (b), rendered the instrument facially insufficient]; People v Krathaus, 181 Misc 2d 378, 380-381 [Cattaraugus County 1999] [failure to allege that the allegedly unclothed defendants were not breastfeeding, entertaining, or performing rendered the accusatory instrument charging them with public exposure jurisdiction-ally defective].)
Where an exception to a defining Penal Law statute is found completely or partially outside the statute, such exception is deemed to be a proviso that an accused may raise in defense of the charge rather than an exception that must be alleged specifically in the accusatory instrument. For example, an accusatory instrument charging a person with criminal contempt in the second degree under Penal Law § 215.50 (3) is not defective for failure to state that the allegedly violated court order was not issued in the context of a labor dispute. While the “labor disputes” exception is expressly mentioned in Penal Law *893 § 215.50 (3), that provision specifically refers to a definition of “labor disputes” found outside of Penal Law § 215.50. Accordingly, the “labor disputes” exception is a proviso that the accused may raise as a defense to the charge rather than an exception that must be alleged specifically in the accusatory instrument. (People v Santana, 7 NY3d 234 [2006], supra; People v Becker, 13 Misc 3d 492 [Rochester City Ct 2006] [omission of allegations that none of the three exceptions to statutory presumption of possession were applicable did not render misdemeanor information charging defendant with criminal possession of a controlled substance in the seventh degree under Penal Law § 220.03 jurisdictionally defective, where the three exceptions in presumption of possession statute were not part of statute that defined crime with which defendant was charged, but rather, the exceptions were components of a separate statute, Penal Law § 220.25 (1)]; People v Martin, 13 Misc 3d 1231[A], 2006 NY Slip Op 52082[U] [Just Ct of Town of Hyde Park, Dutchess County 2006] [failure to allege defendant’s property is not a prior, nonconforming use does not render accusatory instrument jurisdictionally defective as such provision in Town Code is a proviso]; People v Lobianco, 2 Misc 3d 419, 426-427 [Crim Ct, Kings County 2003] [failure to allege that the defendant did not purchase the hypodermic needles at a pharmacy did not render the accusatory instrument charging the defendant with criminal possession of a hypodermic instrument jurisdictionally defective because the exception was contained in Public Health Law, article 33, which was outside the defining statute, Penal Law § 220.45].)
An exception has been defined as language which absolutely excludes certain matters from its scope. (People v First Meridian Planning Corp., 201 AD2d 145, 154 [3d Dept 1994].) A proviso is a condition or stipulation that qualifies or restrains the general scope of a statute, or prevents misinterpretation. (People v Durkee, 189 App Div 276, 278 [3d Dept 1919].)
Analyzing the case at bar in terms of the above cases, the court concludes the “household pets” exception in Hyde Park Town Code § 108-2.2 must be affirmatively alleged in the negative by the People in the accusatory instrument. It would not be unduly burdensome or require the People to go to “intolerable lengths” to allege in these circumstances that the defendants’ animals in question were not household pets.
In People v Campbell (6 Misc 3d 130[A], 2005 NY Slip Op 50064[U], *2 [App Term, 2d Dept 2005]), the court held that *894 “the issue is whether the exemption on its face exhausts the limitations on enforcement, and if not, whether the result fairly apportions the burden of proof and comports with rational pleading requirements.” (People v Flowers, 8 Misc 3d 516, 519 [Crim Ct, NY County 2005] [in a prosecution for unlawful commercial activity in the subway system (21 NYCRR 1050.6 [b] [2]), based on defendant’s alleged solicitation of money on a subway car, the People were required to allege and prove that defendant did not have authorization from the New York City Transit Authority to engage in such activity; the exception was contained in the regulation defining the violation, and the burden on the People was not undue since, upon request, a defendant must provide information or documents showing authorization, and absence of authorization can be established by putting into evidence a certified public record or other form of business entry].)
In the instant case, requiring the People to allege and prove that defendants’ animals were not household pets would not unfairly apportion the burden of proof. Quite simply, the People would be required to affirmatively allege and prove beyond a reasonable doubt the negative fact that the animals in question were not household pets.
The court finds several additional deficiencies in the accusatory instrument. The information does not factually allege the property in question is possessed, occupied, or owned by the defendants, and does not even allege the chickens and other animals belonged to the defendants. It does not state how many chickens were observed, or provide any identifying facts as to what “other animals typically associated with farming and animal husbandry” means in the context of constituting the offense.
Based upon the foregoing facial insufficiencies, defendants’ motion to dismiss on grounds the information is jurisdictionally defective is granted and the information is dismissed.
In view of this dismissal, the court will not address the issue whether the use of the conjunction “and” in the defining statute for “animal husbandry” (Hyde Park Town Code § 108-2.2 [animal husbandry is “(t)he keeping, grazing, breeding, feeding and care of animals other than household pets” (emphasis added)]) necessarily requires the People to prove every one of these acts, or only one or more of these acts. While this issue of statutory construction was raised by the People at the defendants’ arraignment on November 18, 2010 as a potentially justiciable *895 issue in this case, it was not subsequently addressed in the motion to dismiss by either party, and the court declines to rule sua sponte on the issue, given its dismissal of the accusatory instrument on other grounds.