People v West (2023 NY Slip Op 01921)

People v West

2023 NY Slip Op 01921

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

111937 
[*1]The People of the State of New York, Respondent,
v
Allisa C. West, Also Known as Allisa C. Blanchard, Appellant.

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Edward S. Graves, Indian Lake, for appellant.
Christopher C. Shambo, District Attorney, Indian Lake (Susan E. Hartmann of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Hamilton County (S. Peter Feldstein, J.), rendered May 19, 2017, convicting defendant upon her plea of guilty of the crimes of assault in the second degree and criminal mischief in the third degree.
In 2016, defendant signed a waiver of indictment and, in full satisfaction of a superior court information (hereinafter SCI), pleaded guilty to one count of criminal mischief in the third degree, and she was placed on interim probation for approximately 11 months. Following a January 2017 altercation with her then husband, defendant was charged with violating the terms of her probation and with new criminal charges, including one count of assault in the second degree. As part of a global disposition resolving the violation petition and the related criminal charges, in May 2017, defendant waived indictment, pleaded guilty to assault in the second degree in full satisfaction of an SCI and admitted to violating the terms and conditions of her interim probation. County Court (Feldstein, J.) sentenced defendant to a prison term of 3½ years, followed by three years of postrelease supervision, upon her conviction of assault in the second degree. As to defendant's conviction for criminal mischief in the third degree, the court revoked defendant's interim probation and imposed a one-year jail term, to run concurrently with her sentence for the assault conviction. Defendant was then afforded five days to get her affairs in order prior to surrendering herself to begin serving her sentence.[FN1] Defendant appeals from the May 2017 judgment convicting her of criminal mischief in the third degree and assault in the second degree.
To the extent that defendant's brief may be read as challenging the factual sufficiency of the 2016 SCI charging her with, as relevant here, criminal mischief in the third degree, such claim is precluded by her unchallenged guilty plea to that offense (see People v Edwards, 180 AD3d 1111, 1112 [3d Dept 2020], lv denied 35 NY3d 969 [2020]). However, defendant's further claim — that the 2016 SCI is jurisdictionally defective — survives defendant's guilty plea and is not subject to the preservation requirement (see People v Ferretti, 209 AD3d 1173, 1174 [3d Dept 2022]). In this regard, an SCI, which is held to the same pleading requirements as an indictment (see CPL 200.15; People v Shaver, 290 AD2d 731, 731 [3d Dept 2002]), "is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v Ferretti, 209 AD3d at 1174 [internal quotation marks and citations omitted]; accord People v Turner, 202 AD3d 1375, 1376 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]). As the People correctly observe, "a charging instrument that incorporates by reference the statutory provisions applicable to the crime charged has [*2]been held to allege the material elements of the crime sufficiently to survive a jurisdictional challenge" (People v Ferretti, 209 AD3d at 1174 [internal quotation marks and citations omitted]; see People v Benn, 159 AD3d 1272, 1272 [3d Dept 2018], lv denied 32 NY3d 935 [2018]). That said, "[i]f the defining statute contains an exception, the accusatory instrument must allege that the crime is not within the exception" (People v Torres, 211 AD3d 1571, 1572 [4th Dept 2022] [internal quotation marks, brackets and citation omitted]; see People v Struts, 281 AD2d 655, 656 [3d Dept 2001]; People v Bingham, 263 AD2d 611, 611 [3d Dept 1999], lv denied 93 NY2d 1014 [1999]).
"In order to determine whether a statute defining a crime contains an exception that must be affirmatively pleaded as an element in the accusatory instrument or a proviso that need not be pleaded but may be raised by the accused as a bar to prosecution or a defense at trial, a court must look to the language of the statute itself" (People v Torres, 211 AD3d at 1572 [internal quotation marks, brackets and citations omitted]; see People v Webb, 172 AD3d 920, 921 [2d Dept 2019], lv denied 34 NY3d 939 [2019]). To that end, "legislative intent to create an exception that must be affirmatively pleaded has generally been found when the language of exclusion is contained entirely within a Penal Law provision" (People v Torres, 211 AD3d at 1572 [internal quotation marks, brackets and citation omitted]). Penal Law § 145.05 (2) provides that "[a] person is guilty of criminal mischief in the third degree when, with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he or she has such right, he or she . . . damages property of another person in an amount exceeding [$250]" (emphasis added). Inasmuch as the qualifying language is contained within the statute itself, we agree that such language constitutes an exception. Given that count 1 of the 2016 SCI did not allege that defendant had neither a right to cause the property damage at issue nor a reasonable ground to believe that she had such right, that count — charging defendant with criminal mischief in the third degree — is jurisdictionally defective (see generally People v Struts, 281 AD2d at 656; People v Hogabone, 278 AD2d 525, 525-526 [3d Dept 2000]; People v Bingham, 263 AD2d at 611). Accordingly, defendant's conviction of that crime must be reversed and count 1 of the 2016 SCI must be dismissed.
Although defendant's challenge to the voluntariness of her plea to assault in the second degree normally would require preservation by an appropriate postallocution motion, County Court sentenced defendant immediately following her guilty plea and, therefore, "defendant had no practical opportunity to move to withdraw [her] plea prior to sentencing" (People v Pace, 192 AD3d 1274, 1275 [3d Dept 2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 973 [2021]; see People [*3]v Wright, 154 AD3d 1015, 1016 [3d Dept 2017], lv denied 30 NY3d 1065 [2017]).[FN2] That said, we discern no basis upon which to invalidate defendant's plea. Defendant's present claims, including her assertion that the plea process was rushed and that County Court failed to inquire regarding her mental health issues, is belied by the record, including defendant's sworn plea allocution, wherein she indicated that she understood the charge against her, was satisfied with counsel's representation, denied that she suffered from substance abuse, mental health issues "or other problems that interfere[d] with [her] understanding" of the plea proceeding and indicated that she had not been "threatened or abused in any way in order to get [her] to plead guilty to [assault in the second degree]." Accordingly, we are satisfied that defendant's plea to this charge was knowing, intelligent and voluntary.[FN3] Defendant's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of criminal mischief in the third degree under count 1 of the 2016 superior court information; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

Footnotes

Footnote 1: Following her sentencing, defendant failed to report to begin serving her sentence. Defendant was charged with and subsequently pleaded guilty to bail jumping in the second degree, and County Court (Hoye, J.) sentenced her, as a second felony offender, to a prison term of 1½ to 3 years — to run concurrently with the sentences imposed by County Court (Feldstein, J.) upon defendant's 2017 convictions (see People v West, 189 AD3d 1981, 1982 [3d Dept 2020], lv denied 37 NY3d 975 [2021]). Defendant appealed from her bail jumping conviction, and we affirmed (id. at 1982-1984).

Footnote 2: We reject the People's assertion that preservation was required because defendant, who was afforded five days to get her affairs in order prior to reporting to begin serving her sentence, necessarily could have moved to withdraw her plea during that time period. The People's argument on this point ignores that, despite being afforded an additional five days to report, defendant nonetheless was sentenced immediately following her guilty plea to assault in the second degree.
Footnote 3: Inasmuch as the foregoing issues survive even a valid appeal waiver (see People v Merritt, 210 AD3d 1209, 1209 [3d Dept 2022]; People v Ferretti, 209 AD3d at 1174), we need not address defendant's further assertion that her respective waivers of the right to appeal — made in connection with her underlying guilty pleas — were invalid.