[851 NE2d 1193, 818 NYS2d 842]

The People of the State of New York, Respondent, v Edwin Santana, Appellant.

Argued June 8, 2006; decided June 29, 2006

## POINTS OF COUNSEL

*Lawrence T. Hausman,* New York City, *Steven Banks* and *Laura R. Johnson* for appellant. I. The "labor disputes" exception to the offense of second-degree criminal contempt is a true exception, which the prosecution must plead, because it is contained in the core of the statute and because the Legislature labeled it an exception; here, the second-degree criminal contempt count of the prosecutor's information was jurisdictionally defective because it superceded a misdemeanor complaint that did not contain factual allegations negating that exception. (*People v Alejandro,* 70 NY2d 133; *People v Kohut,* 30 NY2d 183; *Harris v White,* 81 NY 532; *People v Dumas,* 68 NY2d 729; *People v Devinny,* 227 NY 397; *People v Stedeker,* 175 NY 57; *People v First Meridian Planning Corp.,* 201 AD2d 145, 86 NY2d 608; *People v Cruz,* 48 NY2d 419; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205; *People v Rodriguez,* 68 NY2d 674.) II. The complainant's testimony that he received a black eye and a hurt neck, but was able to resume work the day of the incident and received no medical treatment, was legally insufficient to establish the physical injury element of third-degree assault. (*Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620; *People v McDowell,* 28 NY2d 373; *Matter of Philip A.,* 49 NY2d 198; *People v Rojas,* 61 NY2d 726; *People v Ray,* 273 AD2d 611; *People v Taylor,* 276 AD2d 933; *People v Jimenez,* 55 NY2d 895; *People v DiStefano,* 252 AD2d 530; *People v Jackson,* 163 AD2d 489.)

*Robert M. Morgenthau, District Attorney,* New York City (*Megan E. Joy* and *Eleanor J. Ostrow* of counsel), for respondent. I. The second-degree criminal contempt count in the prosecutor's information was jurisdictionally sufficient. (*People v D'Angelo,* 284 AD2d 146, 98 NY2d 733; *People v Alejandro,* 70 NY2d 133; *Opera on Tour, Inc. v Weber,* 285 NY 348; *People v Konieczny,* 2 NY3d 569; *People v Kohut,* 30 NY2d 183; *Harris v White,* 81 NY 532; *People v Briggs,* 114 NY 56; *People v Kibler,* 106 NY 321; *People v Devinny,* 227 NY 397; *Rowell v Janvrin,* 151 NY 60.) II. The trial evidence established beyond a reasonable doubt that defendant caused physical injury to Francisco Melenceano. (*Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620; *People v Guidice,* 83 NY2d 630; *People v Rojas,* 61

NY2d 726; *People v Henderson,* 92 NY2d 677; *Matter of Philip A.,* 49 NY2d 198; *People v McDowell,* 28 NY2d 373; *People v Malave,* 158 AD2d 435; *People v Tellis,* 156 AD2d 260; *People v Harper,* 145 AD2d 933, 75 NY2d 313.)

## OPINION OF THE COURT

GRAFFEO, J.

Defendant repeatedly punched his roommate in the head during an altercation in October 2001. As a result, defendant was charged with assault in the third degree (*see* Penal Law § 120.00 [1]) and a temporary order of protection was issued. After defendant violated that order by harassing his roommate, he was served with another order of protection that prohibited him from residing in the roommate's apartment. Upon his violation of the second order, defendant was charged with criminal contempt in the second degree (*see* Penal Law § 215.50 [3]). That crime is committed when a person engages in "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law" (*id.*). The accusatory instrument, a prosecutor's information, alleged that defendant "intentionally disobeyed and resisted the lawful process and other mandate of a court, to wit, an order of protection" by continuing to live in the apartment. A jury determined that defendant was guilty of criminal contempt in the second degree and assault in the third degree.

Defendant argues that the charge of criminal contempt in the prosecutor's information was jurisdictionally defective because it failed to state that the crime did not arise out of a labor dispute. The Appellate Term rejected this argument and affirmed, as do we.

We are unpersuaded by defendant's assertion that the inclusion of the reference to "labor disputes" in the second-degree criminal contempt statute (Penal Law § 215.50 [3]) creates an exception that must be affirmatively pleaded as an element in the accusatory instrument, rather than a proviso that need not be pleaded but may be raised by the accused as a bar to prosecution or a defense at trial. We have explained that:

> "[e]ssential allegations are generally determined by the statute defining the crime. If the defining statute contains an exception, the [accusatory instru-

ment] must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense" (*People v Kohut*, 30 NY2d 183, 187 [1972]).

Legislative intent to create an exception has generally been found when the language of exclusion is contained entirely within a Penal Law provision. For example, the "home or place of business" exception found in Penal Law § 265.02 (4), defining criminal possession of a weapon in the third degree, does not require reference to another statute to determine its applicability (*see People v Rodriguez*, 68 NY2d 674, 675 [1986], *revg on dissenting op of Lazer, J.*, 113 AD2d 337, 343-348 [2d Dept 1985]).

That is not the case in Penal Law § 215.50 (3). The exclusionary language in the second-degree criminal contempt provision does not provide a complete definition of the class of cases that the Legislature intended to remove from the ambit of criminal contempt because the statute refers to a definition of "labor disputes" set forth outside the Penal Law. The contempt statute cites section 753-a of the Judiciary Law, which delineates the multiple circumstances that constitute "labor disputes" and the various parties who can engage in such disagreements (*see* Judiciary Law § 753-a [2]). As a matter of "common sense and reasonable pleading" (*People v Devinny*, 227 NY 397, 401 [1919]), we do not believe that the Legislature intended to require the People to negate each of the alternatives specified in Judiciary Law § 753-a in every criminal contempt accusatory instrument premised on Penal Law § 215.50 (3) (*see People v Romano*, 188 Misc 2d 368, 370-374 [Crim Ct, Queens County 2001] [discussing the legislative history and purpose of the labor disputes exclusionary language in Penal Law § 215.50 (3)]).

We therefore conclude that the "labor disputes" clause operates as a proviso that the accused may raise in defense of the charge rather than an exception that must be pleaded by the People in the accusatory instrument. Thus, the prosecutor's information in this case was jurisdictionally valid even though it failed to allege that the charge of criminal contempt did not arise out of a labor dispute. If an accused timely raises the issue, the People must, of course, establish beyond a reasonable doubt that the labor disputes proviso does not apply (*see* Penal Law § 25.00 [1]).

Defendant's remaining challenge to the sufficiency of the evidence supporting the conviction of assault in the third degree is without merit.

Accordingly, the order of the Appellate Term should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order affirmed.