*493 OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
Defendant is charged with criminal possession of a controlled substance in the seventh degree, a misdemeanor under Penal Law § 220.03. Specifically, the misdemeanor information alleges that, on April 30, 2006, the police officer found two plastic baggies of crack cocaine and two plastic baggies of heroin in the center console of a car in which defendant was a passenger in Rochester, New York.
Defendant has moved to dismiss the accusatory instrument as jurisdictionally defective because it fails to state expressly that the exceptions to the “presumption of possession” that applies to this case do not exist. For the reasons set forth below, the court holds that the accusatory instrument is legally sufficient to allow the People to prosecute this case despite the absence of specific allegations that the “presumption of possession” exceptions do not exist.
Legal Analysis
It is black letter law that for an accusatory instrument to be jurisdictionally sufficient, nonhearsay facts of an evidentiary nature that support each element of the charged crime must be alleged. (See People v Alejandro, 70 NY2d 133, 137 [1987]; People v Case, 42 NY2d 98, 99 [1977].) It is likewise black letter law that, if a defining statute contains an exception, the absence of the existence of the exception is a material element that must be alleged in the accusatory instrument. (See People v Santana, 7 NY3d 234, 236-237 [2006]; People v Kohut, 30 NY2d 183, 187 [1972].)
In the instant case, the misdemeanor information accuses defendant of violating Penal Law § 220.03, which defines the crime of criminal possession of a controlled substance in the seventh degree. Neither that provision nor Penal Law § 220.00, which defines several terms in Penal Law article 220, the Penal Law section that governs controlled substances, defines the term “possess.” However, because the cocaine and heroin in this case were found in the car’s center console, it is evident that defendant did not have the controlled substances in his actual possession. Instead, the charge against defendant is predicated upon the statutory presumption of possession found in Penal Law § 220.25 (1). That provision provides that:
“The presence of a controlled substance in an *494 automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found; except that such presumption does not apply (a) to a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of his trade, or (b) to any person in the automobile if one of them, having obtained the controlled substance and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (c) when the controlled substance is concealed upon the person of one of the occupants.” (Penal Law § 220.25 [1].)
Thus, while the presumption of possession generally applies to everyone in a car in which a controlled substance is found, there are three specific exceptions to its application.
Defendant contends that the misdemeanor information is defective because it fails to allege that none of the three exceptions to the presumption’s applicability existed in his case. Defendant is correct that the accusatory instrument in this case includes no such express allegations. He is incorrect, however, that the omission of such allegations renders the accusatory instrument legally insufficient.
An accusatory instrument must expressly allege the absence of exceptions to a crime’s defining Penal Law provision only when the exceptions are contained entirely within that Penal Law provision. (See People v Santana, 7 NY3d at 237.) For example, Penal Law § 265.02, which defines the crime of criminal possession of a weapon in the third degree, includes an exception for certain loaded firearms that a person possesses in his or her home or business. (See Penal Law § 265.02 [4].) Because these exceptions are included in the same provision that defines the crime of criminal possession of a weapon in the third degree, the absence of these exceptions must be expressly alleged in the accusatory instrument to be legally sufficient. (See People v Santana, 7 NY3d at 237; People v Rodriguez, 68 NY2d 674, 675 [1986], revg on dissenting op of Lazer, J., 113 AD2d 337, 343-348 [2d Dept 1985]; People v Kohut, 30 NY2d at 187; see also People v Torres, 188 Misc 2d 58, 61-62 [Crim Ct, Bronx County 2001] [failure to allege that the allegedly falsely reported incident did not actually occur rendered the accusatory instrument charging defendant with falsely reporting an *495 incident jurisdictionally defective]; People v Krathaus, 181 Misc 2d 378, 380-381 [Cattaraugus County Ct 1999] [failure to allege that the allegedly unclothed defendants were not breastfeeding, entertaining, or performing rendered the accusatory instrument charging them with public exposure jurisdictionally defective].)
On the other hand, where exceptions to a defining Penal Law statute are found completely or partially outside the statute, such exceptions are deemed to be provisos that an accused may raise in defense of the charge rather than exceptions that must be alleged specifically in the accusatory instrument. For that reason, for example, an accusatory instrument charging a person with criminal contempt in the second degree under Penal Law § 215.50 (3) is not defective for failure to state that the allegedly violated court order was not issued in the context of a labor dispute. While the “labor dispute” exception is expressly mentioned in Penal Law § 215.50 (3), that provision specifically refers to a definition of “labor disputes” found outside of Penal Law § 215.50. Accordingly, the “labor dispute” exception is a proviso that the accused may raise as a defense to the charge rather than an exception that must be alleged specifically in the accusatory instrument. (See People v Santana, 7 NY3d at 237; see also People v Lobianco, 2 Misc 3d 419, 426-427 [Crim Ct, King County 2003] [failure to allege that the defendant did not purchase the hypodermic needles at a pharmacy did not render the accusatory instrument charging defendant with criminal possession of a hypodermic needle jurisdictionally defective because the exception was outside the defining statute].)
The presumption of possession statute containing the exceptions that defendant asserts should have been explicitly alleged is not part of the Penal Law provision that defines the crime of criminal possession of a controlled substance in the seventh degree. Rather, the exceptions are a component of a separate statute, Penal Law § 220.25, that defines the “presumption of possession.” The exceptions articulated in this separate statute are therefore provisos that may be raised as a defense by the defendant; they are not exceptions that must be asserted in the negative by the People. (See People v Santana, 7 NY3d at 237.)
Even if the exceptions contained in Penal Law § 220.25 were exceptions not provisos that had to be explicitly denied in an accusatory instrument, the allegations in the accusatory instrument filed in this case are nevertheless jurisdictionally sufficient to allow the People to proceed. Although the exceptions are not specifically mentioned, the specific nonhearsay allega *496 tions in the accusatory instrument necessarily and categorically negate the three specific exceptions in Penal Law § 220.25 (1). First, because defendant is alleged to have been a passenger in the car, he was not, under any theory, the owner of a car who was driving it for hire at the time. Second, because the controlled substances that were allegedly found were the illegal substances of cocaine and heroin, defendant was not authorized, under any theory, to possess these controlled substances. Finally, because the controlled substances were allegedly found in the car’s console, they were not, under any theory, concealed on the person of any of the car’s occupants. Accordingly, here, where the explicit factual allegations categorically negate each exception in the presumption of possession statute, the accusatory instrument’s failure to address and refute the exceptions directly does not render the accusatory instrument defective. (See People v Diaz, 147 Misc 2d 121, 124-125 [Crim Ct, NY County 1990].)
Conclusion
For the foregoing reasons, defendant’s motion to dismiss the accusatory instrument as jurisdictionally defective is denied.