OPINION OF THE COURT
Frank P. Ñervo, J.
Defendant moves for a bill of particulars, discovery, Mapp, Wade, Dunaway and Sandoval hearings and dismissal of the information charging him with attempt to evade taxes pursuant to Tax Law § 1814 (a) (1), a class A misdemeanor, on the ground *815 that it is facially insufficient. Although defendant is also charged with a violation of Tax Law § 1814 (d), unlawful possession, transportation and sale of untaxed cigarettes, he does not challenge any part of the information relating to that charge.
The court previously granted all branches of the motion, to the extent indicated on the record and annotated on the court papers, with the exception of the branch of the motion to dismiss. Now, on reading the defendant’s notice of motion and supporting affirmation and the People’s affirmation in opposition, the court denies that branch of the motion.
The standard of review in determining whether an information is facially sufficient is that the nonhearsay allegations of the complaint and supporting deposition must provide probable cause for the defendant’s arrest and that the nonhearsay allegations must establish, if true, that the defendant committed every element of the charged offense. “So long as the factual allegations . . . give an accused sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) The accusatory instrument in the instant case withstands scrutiny under this standard.
Officer Daniel Callaghan alleged, in the misdemeanor complaint, that
“the defendant willfully attempted to evade and defeat tax imposed by article twenty of the Tax Law and the payment thereof; and the defendant, without being an agent licensed by the commissioner, possessed and transported for the purpose of sale unstamped and unlawfully stamped packages of cigarettes subject to tax imposed by section four hundred seventy-one of the Tax Law, and sold and offered for sale unstamped and unlawfully stamped packages of cigarettes in violation of the provisions of article twenty of the Tax Law.”
The complaint further alleges “that deponent is informed by Undercover 1867 that informant paid six dollars ($6.00) United States Currency in exchange for one pack of Newport cigarettes.” Continuing, Callaghan states that based on his “training and experience, [he] is familiar with the New York tax insignia required of tobacco products and [the] above-mentioned pack of cigarettes did not have the requisite stamp.”
*816 The undercover officer’s supporting deposition states that the officer read the complaint and that its facts are true and based on his personal knowledge.
Defendant’s sole argument in support of his dismissal motion is that the accusatory instrument fails to allege that defendant did not pay taxes within 24 hours or that he possessed more than 400 cigarettes. Rather, defendant argues,
“The accusatory instrument only alleged possession of fifteen [sic] unopened packages that did not bear the required tax stamps, but there was no allegation the cigarettes were possessed for use by defendant, a critical element under Tax Law § 471-a, which imposes a 24-hour waiting period on untaxed cigarettes. It states nothing in the information alleging defendant possessed any untaxed cigarettes more than 24 hours. Also an exemption.”
Relying on People v McKelvey (NYLJ, Dec. 23, 2005, at 23 [Sup Ct, Kings County]) in support of his argument under Tax Law § 471-a, defendant asserts that the failure to allege possession of more than 400 cigarettes for more than 24 hours renders the accusatory instrument facially insufficient, as it fails to allege the elements of the offense charged.
Defendant’s argument is incorrect.
Tax Law § 471-a does not apply in this case; it is not, and cannot be, the basis for the criminal charge against defendant. Rather, the statute merely imposes a use tax on cigarettes. It specifically states that its applicability “shall not include possession for sale” (Tax Law § 471-a). Therefore, the 400 cigarette numerical limitation and 24-hour period in that statute are inapplicable. People v McKelvey, which holds to the contrary, is not binding on this court, as it is a decision by a court of coordinate jurisdiction (see Mountain View Coach Lines v Storms, 102 AD2d 663 [1984]; Hamlin v Bender, 92 Misc 16 [1915]). As People v McKelvey was wrongly decided, this court declines to follow it.
The statute the court must rely on is Tax Law § 1814 (a). That statute reads, “Any person who willfully attempts in any manner to evade or defeat any tax imposed by article twenty of this chapter or the payment thereof shall, in addition to other penalties provided by law, be guilty of a misdemeanor.” (Tax Law § 1814 [a] [1].) The applicable statute in Tax Law article 20 is Tax Law § 471-b (1) which imposes a tax on “all tobacco products possessed in this state by any person for sale.”
Even if Tax Law § 471-a were applicable, violation of its provisions, which differ from those of section 471-b (1), would not *817 have to be alleged, as its terms would be a proviso and not an exception contained within section 471-b (1) (see People v Santana, 7 NY3d 234, 237 [2006]). Moreover, under Tax Law § 471-b (1), there is a presumption that all tobacco products are subject to tax and that it is the possessor’s burden to establish they are not taxable.
The accusatory instrument alleges legally sufficient facts of an evidentiary nature that if true would establish a violation cigarette tax evasion under Tax Law § 1814 (a) (1). Therefore, defendant has not demonstrated entitlement to dismissal of that charge (see People v Hall, 21 Misc 3d 1104[A], 2008 NY Slip Op 51948DJ] [2008]).
Defendant does not challenge the portion of the accusatory instrument alleging a violation of Tax Law § 1814 (d), possession and sale of untaxed cigarettes. The allegations that the cigarettes did not bear the required tax stamp and that the officer, by his personal knowledge was familiar with the tax insignia, were legally sufficient (see People v Zhou Yu, 4 Misc 3d 128[A], 2004 NY Slip Op 50630[U] [2004]). To the extent that People v Hall may hold to the contrary, the court declines to follow it.
Accordingly, it is ordered that the motion to dismiss the information is denied.