OPINION OF THE COURT
Ellen M. Yacknin, J.
Background
Defendant Melvin Baity is charged with criminal sale of marihuana in the fourth degree, a misdemeanor under Penal Law § 221.40. Specifically, the misdemeanor information accuses defendant of selling two baggies of marihuana to an undercover police officer in exchange for $20 in Rochester, New York on January 26, 2011.
Defendant contends that the accusatory instrument is defective because it fails to assert that the marihuana he allegedly sold to the police officer weighed more than two grams. According to defendant, this assertion is essential because under Penal Law § 221.40, the sale of two grams or less of marihuana is an exception to the crime of criminal sale of marihuana in the fourth degree. Therefore, according to defendant, the nonexistence of this exception must be pleaded specifically in the accusatory instrument to be legally adequate.
Legal discussion
Under controlling legal doctrine, when a statute criminalizing a person’s conduct includes an exception to the crime, the absence of the exception must be pleaded expressly in an accusatory instrument. (See People v Davis, 13 NY3d 17, 31 [2009]; People v Santana, 7 NY3d 234, 235 [2006].) However, if that *364 statutory language that carves out an exclusion is considered a proviso rather than an exception, the accusatory instrument is not required to allege the nonexistence of the exclusion; instead, facts showing the existence of the exclusion must be raised by a defendant. (See People v Santana, 7 NY3d at 237.)
The New York Court of Appeals has explained that when language creating an exception to a crime is included in the text defining the crime, the language is generally considered to be an exception, not a proviso. On the other hand, when the exclusionary language is found outside the text defining the crime, the language is considered to be a proviso, not an exception. Even when the exclusionary language is included in the text of the crime’s definition, it will be deemed a proviso rather than an exception if, as a matter of commonsense and reasonable pleading, doing so is necessary to give effect to the manifest intent of the legislature. (See People v Davis, 13 NY3d at 31-32.)
Under Penal Law § 221.40: “A person is guilty of criminal sale of marihuana in the fourth degree when he knowingly and unlawfully sells marihuana except as provided in section 221.35 of this article.”* Plainly, the language that creates an exception to the criminalization of the sale of marihuana under this statute is part and parcel of the text that defines the crime. As a result, the exclusion specified in Penal Law § 221.40 is an exception, not a proviso. As defendant contends, therefore, a misdemeanor information charging the crime of criminal sale of marihuana in the fourth degree must assert the nonexistence of the exception to be jurisdictionally sufficient.
Contrary to defendant’s argument, however, the accusatory instrument in this action adequately alleges the absence of the exception included in Penal Law § 221.40. The exception referenced in section 221.40 is Penal Law § 221.35, which defines the crime of criminal sale of marihuana in the fifth degree. Under section 221.35: “A person is guilty of criminal sale of marihuana in the fifth degree when he knowingly and unlawfully sells, without consideration, . . . marihuana ... of a[ ] . . . weight of two grams or less.” As such, the crime of criminal sale of marihuana in the fifth degree requires both that: (1) the marihuana was unlawfully sold without consider *365 ation; and (2) the marihuana that was sold weighed two grams or less. Conversely, the crime of criminal sale of marihuana in the fifth degree does not exist if either: (1) marihuana of any amount was unlawfully sold for consideration; or (2) the sold marihuana weighed more than two grams. Stated differently, both the sale of any quantity of marihuana in exchange for consideration, and the sale, without consideration, of more than two grams of marihuana satisfy the elements of criminal sale of marihuana in the fourth degree; neither course of conduct satisfies the elements of criminal sale of marihuana in the fifth degree. (See People v Childs, 40 AD3d 270, 271 [1st Dept 2007].)
In this case, the accusatory instrument alleges that defendant sold marihuana to the undercover police officer “for $20.00 in official Rochester] P[olice] Department] funds.” This allegation necessarily implies the nonexistence of one of the two necessary elements of criminal sale of marihuana in the fifth degree; namely, the element that the marihuana was sold “without consideration.” (See People v Becker, 13 Misc 3d 492, 495-496 [Rochester City Ct 2006] [where the factual allegations negate the exception, it is unnecessary to assert explicitly the nonexistence of the exception].)
The allegation of consideration received in exchange for the marihuana, therefore, effectively places defendant’s alleged conduct outside the definition of criminal sale of marihuana in the fifth degree. For this reason, the accusatory instrument in this case sufficiently alleges the absence of the exception, and the lack of an allegation regarding the marihuana’s weight does not render the accusatory instrument jurisdictionally defective.
Conclusion
For the reasons stated above, defendant’s motion to dismiss the accusatory instrument as defective is denied.

 Under Penal Law §§ 220.00 and 221.00 (1), the term “sale” means “to sell, exchange, give or dispose of to another or to offer or agree to do the same.” Accordingly, a person may be guilty of criminal sale of marihuana in the fourth degree regardless of whether money or other consideration was requested or received in exchange for the marihuana.