# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

901

KA 13-01008

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOHN SANTORO, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered February 28, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree and criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In these consolidated appeals, defendant appeals, in appeal No. 1, from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]), and criminal contempt in the first degree (§ 215.51 [b] [iv]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of escape in the first degree (§ 205.15 [1]). Contrary to defendant's contention in both appeals, we conclude that he knowingly, intelligently, and voluntarily waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256). " 'County Court's plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Arney*, 120 AD3d 949, 949).

Defendant's valid waiver of the right to appeal encompasses his challenge in appeal No. 1 to the severity of his bargained-for sentence (*see Lopez*, 6 NY3d at 256). Although defendant raised several additional issues in his brief on appeal, his attorney withdrew those challenges at oral argument of these appeals, with defendant's consent, and thus we limit our review to the contentions discussed above (*see People v Kellar*, 174 AD2d 848, 848 n, *lv denied*

78 NY2d 1128; *see generally People v Miller*, 110 AD3d 1150, 1150).