# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1162**
**KA 14-00507**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

VERNON W. PEDRO, DEFENDANT-APPELLANT.

---

MICHAEL G. CIANFARANO, OSWEGO, FOR DEFENDANT-APPELLANT.

VERNON W. PEDRO, DEFENDANT-APPELLANT PRO SE.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered September 6, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from the judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). We agree with defendant that his waiver of the right to appeal was invalid because, based on County Court's statements at the time of the plea, "defendant may have erroneously believed that the right to appeal is automatically extinguished upon entry of a guilty plea" (*People v Moyett*, 7 NY3d 892, 893). In the absence of a written waiver of the right to appeal "or some indication in the record that defendant understood the distinction between the right to appeal and other trial rights forfeited incident to a guilty plea, there is inadequate assurance that defendant entered into a knowing, intelligent and voluntary waiver" of the right to appeal (*id.; cf. People v Braxton*, 129 AD3d 1674, 1675, *lv denied* 26 NY3d 965).

Given the nature of the offense, we conclude that defendant's sentence is not unduly harsh or severe. Defendant failed to preserve for our review his contention in his pro se supplemental brief concerning the presentence report (*see People v Gibbons*, 101 AD3d 1615, 1616), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). We have reviewed defendant's remaining contention in his pro se supplemental brief and conclude that it lacks

merit.

Finally, we do not consider the additional issue raised by defendant in his main brief concerning the plea allocution inasmuch as his attorney withdrew that contention (*see People v Santoro*, 132 AD3d 1241, 1241).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court