The People of the State of New York, Respondent, 
against
Donald Norton, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered March 12, 2015, convicting him, upon his plea of guilty, of criminally possessing a hypodermic instrument, and imposing sentence.




Per Curiam.
Judgment of conviction, (Laurie Peterson, J.), rendered March 12, 2015, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminally possessing a hypodermic instrument (see Penal Law § 220.45). The accusatory instrument recited that at a specified time and location, police recovered "four hypodermic needles from defendant's backpack" and that defendant stated that he uses the needles "for medical reasons and for heroin."
Contrary to defendant's contention, the accusatory instrument was not required to allege that his possession of the hypodermic needles was unlawful pursuant to Public Health Law [PHL] § 3381. Although Penal Law § 220.45 specifies that "[i]t shall not be a violation of this section when a person obtains and possesses a hypodermic syringe or hypodermic needle pursuant to [PHL § 3381]," we do not believe that the Legislature intended to require the People to negate each of the lawful conditions specified in section 3381 in every accusatory instrument charging criminal possession of a hypodermic instrument pursuant to Penal Law § 220.45. Unlike a true exception, the statutory language excludes certain conditions only through reference to regulations found outside the statute, here the PHL (see People v Kohut, 30 NY2d 183, 187 [1972]), and the PHL otherwise provides that in a criminal action or proceeding "brought for the enforcement of any provision of this article, it shall not be necessary to negate or disprove any exception, excuse, proviso or exemption contained in this article, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the person claiming its benefit" (PHL § 3396[1]; see also William C. Donnino, Practice Commentary, McKinney's Cons. Laws of NY, Book 39, Penal Law 220.00, p. 19-20; see also People v Strong, 47 AD2d 798, 799 [*2][1975], affd 42 NY2d 868 [1977][under prior version of Penal Law § 220.45 "defendant ha[d] the burden of establishing by a preponderance of the evidence . . . that his 'possession' of the hypodermic syringe and hypodermic needle were for a lawful purpose"]).
Furthermore, the facts surrounding defendant's lawful possession of the instrument are "peculiarly and almost exclusively within the defendant's firsthand knowledge, with the details not readily available to the People" (People v D'Amato, 12 AD2d 439, 444 [1961]; see People v Strong, 47 AD2d at 799). Thus, the requirements of "common sense and reasonable pleading," (People v Davis, 13 NY3d 17, 31 [2009]), warrant the treatment of the PHL § 3381 conditions for lawful possession of a hypodermic instrument as provisos to be raised as a defense by a defendant, rather than as exceptions to be pleaded and proved by the People (see People v Santana, 7 NY3d 234, 237 [2006]; see also McKinney's Cons. Laws of NY, Book 1, Statutes, § 211).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 19, 2018