People v Tatis (2019 NY Slip Op 01507)





People v Tatis


2019 NY Slip Op 01507


Decided on February 28, 2019


Appellate Division, First Department


Kern, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr., J.P.
Peter Tom
Troy K. Webber
Marcy L. Kahn
Cynthia S. Kern,JJ.


2969/13 8367 

[*1]The People of the State of New York, Respondent,
v
Alexis Tatis, Defendant-Appellant.



Defendant appeals from a judgment of the Supreme Court, Bronx County (John W. Carter, J.), rendered March 24, 2016, convicting him, after a jury trial, of attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree, and unlawful possession of ammunition, and imposing sentence.




Robert S. Dean, Center for Appellate Litigation, New York (Scott H. Henney of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver and Rafael Curbelo of counsel), for respondent.



KERN, J.


One of the issues that must be determined on this appeal is whether certain exclusionary language contained in New York City Administrative Code § 10-131(i)(3) constitutes an exception or a proviso. There are no appellate decisions which have addressed this issue. Section 10-131(i)(3) provides that "[i]t shall be unlawful for any person not authorized to possess a pistol or revolver within the city of New York to possess pistol or revolver ammunition, provided that a dealer in rifles and shotguns may possess such ammunition" (emphasis added). We find that the relevant language in section 10-131(i)(3), which makes it a crime to possess pistol or revolver ammunition unless authorized to possess a pistol or revolver, constitutes an exception and not a proviso. Consequently, it was the People's burden to prove that the defendant was not authorized to possess a pistol or revolver within the City of New York. As the People failed to do so, defendant's conviction under section 10-131(i)(3) must be vacated and that count dismissed.
In order to determine whether a statute defining a crime contains "an exception that must be affirmatively pleaded as an element in the accusatory instrument" or "a proviso that need not be pleaded but may be raised by the accused as a bar to prosecution or a defense at trial," one must look to the language of the statute itself (People v Santana, 7 NY3d 234, 236 [2006]). Indeed, "[i]f the defining statute contains an exception, the indictment must allege that the crime is not within the exception. But when the exception is found outside the statute," it is termed a proviso and "generally is a matter for the defendant to raise in defense" (People v Kohut, 30 NY2d 183, 187 [1972]). "Legislative intent to create an exception [whose existence must be negated by the prosecution] has generally been found when the language of exclusion is contained entirely within" the statute itself (Santana, 7 NY3d at 237). In contrast, where the language of the exclusion depends on a source outside the statute, courts will infer that the language functions as a proviso (see id.).
"The main goal of the interpretive rules governing exceptions and provisos is to discover the intention of the enacting body," People v Davis, 13 NY3d 17, 31 [2009], and the "distinction between a proviso and an exception will be wholly disregarded, if necessary to give effect to the manifest intention of" such enacting body (McKinney's Cons Laws of NY, Book 1, Statutes § 211, Comment at 369). Davis involved a Parks Department rule that prohibited people from being in city parks after their posted closing times (13 NY3d at 21). Although the rule contained qualifying language stating that a person may disregard a park sign "upon order by a Police Officer or designated Department employee," the information that charged the defendant with a violation of the rule did not state whether that exclusionary language applied to the defendant (id.). The Court of Appeals held that the relevant phrase was a proviso, even though the exclusion was contained within the rule itself, because "as a matter of common sense and reasonable pleading," the Parks Department could not have intended to impose a pleading and proof requirement that involved "information . . . uniquely within a defendant's knowledge" and would impose an unreasonably onerous burden on the People to negate the existence of permission from "innumerable . . . officers and employees in the area during the date in question" (id. at 31-32).
We find that the relevant language in section 10-131(i)(3) constitutes an exception and not a proviso. Section 10-131(i)(3) clearly sets forth an exception which would allow possession of ammunition for persons who are "authorized to possess a pistol or a revolver within the city of New York," thereby constituting an essential element of the offense that the People were required to negate. The language of the exception is contained entirely within section 10-131(i)(3) and is not dependent on a source outside the statute. There is also no evidence that the legislature intended to create a proviso rather than an exception.
The exception articulated in Davis, that an exclusion contained entirely within a statute can sometimes be construed as a proviso, is inapplicable here. In this case, whether the defendant was authorized to possess a pistol or revolver is information that is in the government's control and is not "uniquely within [the] defendant's knowledge" (Davis, 13 NY3d at 31-32). Thus, placing the burden on the People to prove that defendant was unauthorized to possess a pistol or revolver is not at odds with reasonableness or common sense and would not be "unreasonably onerous" (id.).
Finally, as the People acknowledge, the sole court to address the issue of whether the relevant language contained in section 10-131(i)(3) constitutes an exception or a proviso found that it constitutes an exception (see People v Lammy, 29 Misc 3d 1222[A] [Sup Ct, NY County 2010]).
The People's assertion that the relevant language in section 10-131(i)(3) should be construed as a proviso because the legislature intended it to be construed as such is without merit. Specifically, the People assert that because the legislative intent underlying section 10-[*2]131(i)(3) reflects a belief that the ammunition it targets presents a "grave threat" to law enforcement and the public, the legislature intended for it to be the defendant's burden to prove that the possession of such dangerous ammunition was authorized and not the People's burden to disprove. However, the People have failed to explain why general safety concerns underlying section 10-131(i)(3) support a construction of the statute contrary to its wording and ordinary meaning.
The People's assertion that the relevant language in section 10-131(i)(3) should be construed as a proviso in order to maintain consistency with state law is also without merit. The People point to Penal Law section 265.20, which is a catalogue of exemptions to various Penal Law weapon provisions, including one for "[p]ossession of a pistol or revolver by a person to whom a license therefor has been issued . . ." (Penal Law § 265.20[a][3]). These exemptions must be raised by a defendant in the first instance before the prosecution is required to disprove them beyond a reasonable doubt (see People v Psilakis, 148 AD2d 475, 476 [2d Dept 1989]), lv denied 73 NY2d 981 [1989] ["it is incumbent upon the defendant to go forward in the first instance, with evidence that he possesses an appropriate firearms license"]; William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 265.20 [the exemptions "are in the nature of a defense," which the defendant is required to raise before the prosecution is required to disprove]). However, the People's reliance on Penal Law section 265.20 and such exemptions is unavailing as that section is distinguishable from the statute at issue in this case. Because the exemptions in Penal Law section 265.20 are found outside the particular Penal Law provisions to which they apply, interpreting them to require an initial showing by a defendant is consistent with the interpretive principles traditionally used to differentiate between exceptions and provisos (see Kohut, 30 NY2d at 187; Santana, 7 NY3d at 237). The same is not true in this case, where the exclusionary language is contained entirely within section 10-131(i)(3) itself and, under a plain reading, forms an element of the offense which the People were required to disprove.
However, we find that defendant's conviction for attempted assault in the first degree should be upheld. Evidence is legally sufficient if, "after viewing the evidence in the light most favorable to the prosecution . . . any rational trier of fact could have found essential elements of the crime beyond a reasonable doubt" (People v Schulz, 4 NY3d 521, 529 [2005][citation omitted]). "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]).
In order for a defendant to be convicted of attempted assault in the first degree, the People are required to prove that a defendant specifically intended to cause serious physical injury to his victim and that he did cause such injury by means of a deadly weapon or a dangerous instrument (Penal Law § 120.10[1]). " Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00[10]). "[I]ntent can be inferred from the act itself" and also "from the defendant's conduct and the surrounding circumstances" (People v Bracey, 41 NY2d 296, 301 [1977]).
We find that defendant's conviction for attempted assault in the first degree was supported by legally sufficient evidence and was not against the weight of the evidence. Defendant was charged with two counts of attempted assault in the first degree based on allegations that after a fight between defendant and the victim, defendant intentionally shot the [*3]victim and accidentally shot a passerby during the same incident. Defendant argues that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence because the evidence adduced at trial indicated that he "shot at the ground" and that he did not intend to shoot at the victim. However, the jury could have reasonably concluded that defendant was aiming his gun at the victim with intent to cause him serious physical injury based on the eyewitness testimony and physical evidence adduced at trial. Indeed, the evidence indicated that defendant, who was apparently furious with the victim after a fight, fired numerous shots at the victim's lower extremities while just three feet away from the victim and that he intended to hit the victim, even if he did so only once, in the lower leg. We have held that lower body injuries meet the definition of serious physical injury and support a first-degree assault conviction (see People v Wong, 165 AD3d 468, 468 [1st Dept], lv denied 32 NY3d 1116 [2018] ["(t)here was ample medical testimony and other evidence to support the conclusion that the victim's injury, a shattered kneecap, met the definition of serious physical injury, which does not require permanent injury"] [citation omitted]; People v Garcia, 202 AD2d 189, 190 [1st Dept 1994] [multiple gunshot wounds to the legs of the victim sufficient to satisfy the serious physical injury element of the assault in the first degree counts]).
Finally, we perceive no basis for reducing the sentences on the felony convictions.
Accordingly, the judgment of the Supreme Court, Bronx County (John W. Carter, J.), rendered March 24, 2016, convicting defendant, after a jury trial, of attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree, and unlawful possession of ammunition, and sentencing him to an aggregate term of 15 years, should be modified, on the law, to the extent of vacating the possession of ammunition conviction and dismissing that count, and otherwise affirmed.
All concur.
Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered March 24, 2016, modified, on the law, to the extent of vacating the unlawful possession of ammunition conviction and dismissing that count, and otherwise affirmed.
Opinion by Kern, J. All concur.
Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK