People v Torres (2022 NY Slip Op 07359)

People v Torres

2022 NY Slip Op 07359

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

851 KA 16-02105

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUAN B. TORRES, DEFENDANT-APPELLANT. 

MICHAEL J. PULVER, NORTH SYRACUSE, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered August 24, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and endangering the welfare of a child (§ 260.10 [1]), arising from a dispute between defendant and his girlfriend during which defendant possessed an assault weapon in an apartment with five children present. We affirm.
Defendant contends in his main brief that the indictment is jurisdictionally defective with respect to the count of criminal possession of a weapon in the second degree because, while the indictment specified that the loaded firearm was an assault weapon, specifically a particular semiautomatic rifle, the indictment failed to also allege that the semiautomatic rifle did not fall into one of the exemptions from the definition of an assault weapon set forth in Penal Law § 265.00 (22) (g). We reject that contention.
"In order to determine whether a statute defining a crime contains 'an exception that must be affirmatively pleaded as an element in the accusatory instrument' or 'a proviso that need not be pleaded but may be raised by the accused as a bar to prosecution or a defense at trial,' [a court] must look to the language of the statute itself" (People v Tatis, 170 AD3d 45, 47 [1st Dept 2019], lv denied 33 NY3d 981 [2019], quoting People v Santana, 7 NY3d 234, 236 [2006]; see People v Kohut, 30 NY2d 183, 187 [1972]). "If the defining statute contains an exception, the [accusatory instrument] must allege that the crime is not within the exception" (Kohut, 30 NY2d at 187). "Legislative intent to create an exception [that must be affirmatively pleaded] has generally been found when the language of exclusion is contained entirely within a Penal Law provision" (Santana, 7 NY3d at 237). Conversely, "the general rule [is] that qualifying language found outside the text of a relevant Penal Law provision is in the nature of a 'proviso' " (People v Davis, 13 NY3d 17, 31 [2009]) and is therefore "generally . . . a matter for the defendant to raise in defense" (Kohut, 30 NY2d at 187; see Santana, 7 NY3d at 236-237; Tatis, 170 AD3d at 47). Ultimately, "[t]he main goal of the interpretative rules governing exceptions and provisos is to discover the intention of the enacting body" (Davis, 13 NY3d at 31).
Here, the provision defining criminal possession of a weapon in the second degree, as charged in this case, provides that a person is guilty of that offense when "such person possesses any loaded firearm" except "if such possession takes place in such person's home or place of business" (Penal Law § 265.03 [3]). Beyond the "home or place of business" exception, which "is contained entirely within" that provision (Santana, 7 NY3d at 237), section 265.03 (3) contains no other exceptions in the language of the provision itself. Rather, the definitional [*2]provisions contained elsewhere in the Penal Law define "firearm" as including an "assault weapon" (§ 265.00 [3] [e]), which is a defined term referring to weapons with particular characteristics (see § 265.00 [22] [a]-[f]) but specifically exempting certain weapons with other characteristics or conditions (see § 265.00 [22] [g]).
The qualifying language providing exemptions from the definition of an assault weapon is thus "found outside the text of [the] relevant Penal Law provision" defining the subject offense of criminal possession of a weapon in the second degree (Davis, 13 NY3d at 31; see People v Webb, 172 AD3d 920, 920-921 [2d Dept 2019], lv denied 34 NY3d 939 [2019]). Inasmuch as "the exemptions in Penal Law § [265.00 (22) (g)] are found outside the particular Penal Law provisions to which they apply" (Tatis, 170 AD3d at 49), the exemptions from the definition of an assault weapon operate as "proviso[s] that need not be pleaded but may be raised by the accused as a bar to prosecution or a defense at trial" (Santana, 7 NY3d at 236; see Webb, 172 AD3d at 920-921; cf. Richard A. Greenberg et al., New York Criminal Law § 33:3 [4th ed 6A West's NY Prac Series, Oct. 2022 Update]). "As a matter of 'common sense and reasonable pleading' " (Santana, 7 NY3d at 237, quoting People v Devinny, 227 NY 397, 401 [1919]), we conclude that "the Legislature could not reasonably have intended the People to [plead and] negate the existence of each of the myriad" circumstances in which a weapon may have characteristics or conditions exempting it from the definition of an assault weapon in every accusatory instrument charging a relevant offense of criminal possession of a weapon in the second degree (Davis, 13 NY3d at 31; see Santana, 7 NY3d at 237). Indeed, "to require the People to plead and negate the existence of [each exemption from the assault weapon definition] would require them to go to 'intolerable lengths,' " and "[t]hese efforts would serve '[n]o useful purpose of narrowing issues or giving notice,' but would merely give rise to 'technicalitie[s that] could be used belatedly to stifle an otherwise viable prosecution' " (Davis, 13 NY3d at 32; see Kohut, 30 NY2d at 191; Devinny, 227 NY at 401). We thus conclude that the indictment is not jurisdictionally defective because, contrary to defendant's assertion, the People were not required to affirmatively plead in the indictment that the semiautomatic rifle did not fall into one of the exemptions from the definition of an assault weapon set forth in Penal Law § 265.00 (22) (g) (see Webb, 172 AD3d at 920-921).
Next, defendant failed to preserve for our review his contention in his main brief that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the second degree inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' at the alleged error" now raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]) and he did not raise the alleged shortcoming in the evidence now asserted on appeal "at any subsequent time when [County Court] had an opportunity of effectively changing" its ruling denying that motion (CPL 470.05 [2]).
Defendant contends in his main and pro se supplemental briefs that the verdict with respect to the count of criminal possession of a weapon in the second degree is against the weight of the evidence, and further contends in his main brief that the verdict with respect to the count of endangering the welfare of a child is also against the weight of the evidence. We reject those contentions. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence,' we must afford great deference to the fact-finder's opportunity to view the witnesses, hear their testimony and observe their demeanor" (People v Friello, 147 AD3d 1519, 1520 [4th Dept 2017], lv denied 29 NY3d 1031 [2017]), and we conclude that the jury properly considered the issues of credibility, including the inconsistencies in the witnesses' testimony, and that there is no basis for disturbing its determinations (see People v Tripp, 177 AD3d 1409, 1410 [4th Dept 2019], lv denied 34 NY3d 1133 [2020]).
Defendant failed to preserve for our review his contention in his pro se supplemental brief concerning the presentence report (see CPL 470.05 [2]; People v Pedro, 134 AD3d 1396, 1397 [4th Dept 2015]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, inasmuch as defendant failed to obtain leave to appeal from the order denying his CPL 440.10 motion, his contentions in his pro se supplemental brief concerning the denial of that motion are not properly before us (see People v Loiz [appeal No. 2], 175 AD3d 872, 873 [4th Dept 2019]; People v Fuller, 124 AD3d 1394, 1395 [4th Dept
2015], lv denied 25 NY3d 989 [2015]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court