People v Rodriguez (2026 NY Slip Op 00100)

People v Rodriguez

2026 NY Slip Op 00100

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P. SEQ CHAPTER \h \r 1, Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Ind. No. 2749/17|Appeal No. 5565|Case No. 2019-4051|

[*1]The People of the State of New York, Respondent,
vJaime Rodriguez, Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Ronald Zapata of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Russell A. Spivak of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 18, 2019, convicting defendant, upon his plea of guilty, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of seven years, unanimously affirmed.
Defendant has not preserved his claim that the search warrant was not supported by probable cause on the ground that the police applicant failed to present evidence that defendant lacked a license for his guns (see People v Rodriguez, 235 AD3d 541, 542 [1st Dept 2025], lv denied 43 NY3d 1011 [2025]). We decline to review his unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. The warrant application did not require proof of lack of a license because that is not an element of the criminal weapon possession offenses. The license exemption is codified in Penal Law § 265.20(a)(3) — a provision that is separate from the provisions that criminalize unlawful weapon possession (see e.g. Penal Law §§ 265.02, 262.03, 265.04). Thus, the license exemption in Penal Law 265.20 "operates as a proviso that need not be pleaded but may be raised by the accused as a bar to prosecution or a defense at trial" (People v David, 41 NY3d 90, 96 [2023] [internal quotation marks omitted]; People v Santana, 7 NY3d 234, 236 [2006]). The United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) does not affect the probable cause analysis because "Bruen did not change the probabilities that govern whether an ordinarily prudent and cautious person would believe that unlawful conduct was occurring" (People v Wall, 237 AD3d 648, 649 [1st Dept 2025], lv denied 44 NY3d 985 [2025]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026