OPINION OF THE COURT
Gia L. Morris, J.
In an accusatory instrument filed on March 4, 2015, the defendant, Isaac Sanson, is charged with violating Administrative Code of the City of New York § 19-190, the Right-of-Way Law. The defendant now moves for dismissal of the accusatory instrument filed against him on the grounds that the statute is unconstitutional since it violates the Fifth and Fourteenth Amendments to the US Constitution and the protections afforded under the State Constitution, and for other relief.
In determining the instant motion, this court has considered the defendant’s moving papers dated March 29, 2016 and May 24, 2016, the People’s responses dated May 3, 2016 and June 20, 2016, the New York City Office of the Corporation Counsel’s opposition papers dated June 7, 2016,[1] an oral argument heard on June 20, 2016 in which attorneys from the Corporation Counsel’s office, as well as the parties to the instant action participated, and papers on file with the court.
The following is the decision and order of the court.
*982 I. Background
As part of a “Vision Zero” initiative instituted in NYC, several statutes were enacted which intended to impose civil and criminal penalties on motorists in an attempt to eliminate or reduce pedestrian injuries and fatalities (see Office of Mayor of New York City, Vision Zero Action Plan, Introduction [2014]). Within this legislative package was Local Law No. 29 (2014) of City of New York, which was codified as Administrative Code § 19-190, “Right of way,” and signed into law on June 23, 2014 (opposition of Corporation Counsel at 2). As relevant to the instant case, the statute reads, in part:
“[A]ny driver of a motor vehicle who fails to yield to a pedestrian or person riding a bicycle when such pedestrian or person has the right of way shall be guilty of a traffic infraction, which shall be punishable by a fine of not more than fifty dollars or imprisonment for not more than fifteen days or both such fine and imprisonment. . . .
“[A]ny driver of a motor vehicle who violates subdivision a of this section and whose motor vehicle causes contact with a pedestrian or person riding a bicycle and thereby causes physical injury, shall be guilty of a misdemeanor, which shall be punishable by a fine of not more than two hundred fifty dollars, or imprisonment for not more than thirty days or both such fine and imprisonment. . . .
“It shall not be a violation of this section if the failure to yield and/or physical injury was not caused by the driver’s failure to exercise due care.” (Administrative Code § 19-190 [a], [b], [c].)
On March 4, 2015, the defendant, Isaac Sanson, was arraigned on a desk appearance ticket, and charged with an unclassified misdemeanor equivalent to a “B” misdemeanor under Administrative Code § 19-190. The complaint alleges that on or about December 19, 2014, the defendant violated Administrative Code § 19-190 by striking a pedestrian in the crosswalk, thereby causing her to sustain physical injuries[2] (see Sanson complaint). On March 29, 2016, the defendant moved for dismissal of the accusatory instrument on the grounds that the statute is unconstitutionally vague, improp *983 erly shifts the burden to the defendant to prove that his conduct was innocent, and violates the defendant’s rights to due process.
On June 20, 2016, this court heard oral arguments by the parties regarding their position on the statute’s constitutionality. During this oral argument, the People and NYC represented that Administrative Code § 19-190 was not intended to be a strict liability statute (see tr at 3, 11, 16). The NYC attorney further explained that it was the legislature’s intent to include as an essential element of the Right-of-Way Law that the injuries were caused by a driver’s failure to exercise due care (see tr at 2-3, 6). During oral argument NYC confirmed that the legislature intended to define “due care” as one that a reasonably prudent person would use under the same circumstances (see tr at 7). This is consistent with their definition of “due care” in the federal settlement with the Transport Workers Union: “6. The phrase ‘due care’ shall have the meaning ascribed to it by case law and common usage. ‘Due care’ connotes a standard of reasonableness under the circumstances. ‘Due care’ is that care which is exercised by reasonably prudent drivers.” (Transport Workers Union of Greater N.Y., AFL-CIO, Local 100 v De Blasio at 3 [ED NY, Aug. 28, 2015, No. 15-CV-2225 (BMC)] [“Stipulated Order of Settlement, Withdrawal and Discontinuance”].)
Moreover, during oral arguments, the People admitted the statute intended to criminalize ordinary negligence:
“MS. BRODT: Again, your Honor, I am not disagreeing that it’s ordinary negligence. I’m not saying that the definition isn’t one of ordinary negligence. I am agreeing with the Court, that the core constitutional question is whether that can be grounds for criminal liability and we are arguing that the core of the argument, that the legislature is free to use strict liability, it could also use ordinary negligence as the grounds for what is a minimal criminal liability, equivalent to a B misdemeanor, and that’s the issue.” (Tr at 14 [emphasis supplied].)
Accordingly, all the parties to this action agree that the statute was intended to apply a civil tort negligence standard in lieu of a culpable mens rea normally required in criminal cases under the State and Federal Constitutions, and codified in Penal Law § 15.05.
*984 II. Administrative Code § 19-190 is Unconstitutional
In the instant action, the defendant argues that Administrative Code § 19-190, the Right-of-Way Law, is unconstitutional because it lacks the culpable mens rea required pursuant to Penal Law § 15.05 and is violative of his rights to due process under the State and Federal Constitutions. While facial constitutional challenges are strongly disfavored, the instant case involves a unique question of law, to wit, whether the civil tort liability standard of negligence may be applied instead of a culpable mens rea set forth in Penal Law § 15.05. Inasmuch as the determination of whether the statute is constitutional would apply to all defendants, a facial constitutional challenge is the only appropriate standard of review in this case (see e.g. People v Nivar, 30 Misc 3d 952 [Sup Ct, Bronx County 2011] [applying facial constitutional challenge since the statute on its face infringes on a defendant’s constitutional rights]; People v Aboaf, 187 Misc 2d 173, 185 [Crim Ct, NY County 2001] [conducting a facial constitutional challenge and not an as-applied constitutional standard appropriate since statute on its face infringed on First Amendment rights]).
It is well-settled law that legislative enactments carry a strong presumption of constitutionality (People v Stuart, 100 NY2d 412, 422 [2003]; People v Scott, 26 NY2d 286, 291 [1970]). Thus, a party seeking to find a statute unconstitutional bears a heavy burden and “must demonstrate [,] ‘beyond a reasonable doubt [,]’ that the statute suffers from ‘wholesale constitutional impairment’ ” (People v Davis, 13 NY3d 17, 23 [2009], quoting Matter of Moran Towing Corp. v Urbach, 99 NY2d 443, 448 [2003]). While this burden is high, facial constitutional challenges are permissible “in the presence of a constitutionally-protected right” (Dickerson v Napolitano, 604 F3d 732, 744 [2d Cir 2010] [discussing Chicago v Morales, 527 US 41 (1999)]).
Here, the defendant has met this high burden of proof. Administrative Code § 19-190, the Right-of-Way Law, is unconstitutional on its face since it improperly utilizes a civil tort negligence standard in a criminal case in lieu of a culpable mens rea. Therefore, it cannot withstand constitutional scrutiny under both the State and Federal Constitutions. While this appears to be a case of first impression,[3] the United States Supreme Court’s decision in Elonis v United States (575 US —, *985 135 S Ct 2001 [2015]), is instructive on this point. In Elonis, the Supreme Court reversed a defendant’s conviction under 18 USC § 875 (c) on the grounds that the jury was improperly charged utilizing a civil tort liability negligence standard instead of a standard that utilized a culpable mens rea. In reversing the conviction, the Supreme Court expressly held:
“Elonis’s conviction, however, was premised solely on how his posts would be understood by a reasonable person. Such a ‘reasonable person’ standard is a familiar feature of civil liability in tort law, but is inconsistent with ‘the conventional requirement for criminal conduct — awareness of some wrongdoing.’ Staples, 511 U.S., at 606-607, 114 S.Ct. 1793 (quoting United States v. Dotterweich, 320 U.S. 277, 281, 64 S.Ct. 134, 88 L.Ed. 48 (1943); emphasis added). Having liability turn on whether a ‘reasonable person’ regards the communication as a threat — regardless of what the defendant thinks— ‘reduces culpability on the all-important element of the crime to negligence,’ Jeffries, 692 F.3d, at 484 (Sutton, J., dubitante), and we ‘have long been reluctant to infer that a negligence standard was intended in criminal statutes,’ Rogers v. United States, 422 U.S. 35, 47 (1975) (Marshall, J., concurring) (citing Morissette, 342 U.S. 246). See 1 C. Torcia, Wharton’s Criminal Law § 27, pp. 171-172 (15th ed. 1993); Cochran v. United States, 157 U.S. 286, 294 (1895) (defendant could face ‘liability in a civil action for negligence, but he could only be held criminally for an evil intent actually existing in his mind’). Under these principles, ‘what [Elonis] thinks’ does matter. App 286.” (Elonis, 575 US at —, 135 S Ct at 2011 [emphasis supplied and citations omitted].)
In Elonis, the Court further ruled that it was the defendant’s culpable mens rea, and not a “reasonably prudent person,” that was necessary to prove, beyond a reasonable doubt, the defendant’s guilt (575 US at —, 135 S Ct at 2012 [finding “(f)ederal criminal liability generally does not turn solely on the results of an act without considering the defendant’s mental state. That understanding ‘took deep and early root in American *986 soil’ ”]). While the Elonis case involved improper jury instructions and not the use of a civil tort negligence standard in a criminal statute to establish mens rea, the rationale provided by the Supreme Court is applicable to the instant matter. The very fabric of our criminal justice system is that an accused person stands before a court innocent until proven guilty, and is entitled to significant constitutional protections separate and distinct from a civil case (People v Nelson, 27 NY3d 361, 374 [Apr. 5, 2016, Garcia, J., concurring] [“(t)he presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice”]). Here, as set forth above, the parties all agree that the statute was intended to use a civil tort negligence liability standard (tr at 7, 14). Such use of a civil tort liability standard of negligence in a criminal case violates a defendant’s rights under the Fifth and Fourteenth Amendments of the Federal Constitution and State constitutional protections. Specifically, it violates a defendant’s right to due process, to be presumed innocent, and a defendant’s rights against self-incrimination. Thus, the defendant has met his burden of establishing, beyond a reasonable doubt, that the statute is unconstitutional.
Accordingly, Administrative Code § 19-190, the Right-of-Way Law, is unconstitutional on its face since it utilizes the civil tort liability standard of negligence instead of a criminal mens rea standard as required under both the State and Federal Constitutions and codified in Penal Law § 15.05. As such, the defendant’s motion to dismiss is granted.
III. Defendant’s Remaining Motions
The defendant’s remaining motions are rendered moot in light of the court’s decision holding Administrative Code § 19-190 unconstitutional.

. Because the defendant’s motion involves the constitutionality of a statute enacted by the New York City Council, Corporation Counsel, which represents NYC, was entitled to submit papers and participate in the oral arguments as a necessary party (see e.g. People v Roselle, 193 AD2d 56 [2d Dept 1993]). In a letter dated June 22, 2016, the New York State Attorney General declined to intervene in this matter pursuant to New York Executive Law § 71.

. The complainant died on February 24, 2015. The People allege in the accusatory instrument that the injuries sustained as the result of the December 19, 2014 incident were the proximate cause of her death.

. The court is aware of three decisions involving Administrative Code § 19-190. However, none of these decisions analyzed the constitutional argu *985 ments presented in this case, to wit, whether a civil tort negligence standard could be used in a criminal case (see People v Hossain, 50 Misc 3d 610 [Crim Ct, NY County 2015]; People v Gallagher, 50 Misc 3d 317 [Crim Ct, Bronx County 2015]; see also People v Todd-Mack [Crim Ct, Kings County 2015, Walker, J., docket No. 2015-KN-003485]).