The People of the State of New York, Appellant,
against
Isaac Sanson, Respondent.




Queens County District Attorney (Robert J. Masters, Joseph N. Ferdenzi and Edward D. Saslaw of counsel), for appellant.
New York City Legal Aid Society (Elizabeth L. Isaacs of counsel), for respondent.
Corporation Counsel of the City of New York (Richard Dearing, Devin Slack and Benjamin Welikson of counsel), for amicus curiae City of New York.
Armienti, Debellis, Guglielmo & Rhoden, LLP (Thomas J. Reape of counsel), for amicus curiae Hao Quan Ye.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Gia L. Morris, J.; op 52 Misc 3d 980 [2016]), dated June 24, 2016. The order granted defendant's motion to dismiss the accusatory instrument.




ORDERED that the order is affirmed.
Defendant was charged in an information with violating Administrative Code of the City of New York § 19-190 (b). Defendant moved to dismiss the information on the grounds that it is facially insufficient, that his statutory right to a speedy trial has been violated, and that Administrative Code § 19-190 (b) is unconstitutional. The People and the Office of the Corporation Counsel of the City of New York submitted written opposition to the motion. By order dated June 24, 2016, the Criminal Court granted the branch of defendant's motion seeking to dismiss on the ground that Administrative Code § 19-190 (b) is unconstitutional (op 52 Misc 3d 980 [2016]). We affirm, albeit on other grounds.
"Under established principles of judicial restraint . . . courts should not address constitutional issues when a decision can be reached on other grounds" (Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 535 [1992]; see also Matter of Beach v Shanley, 62 NY2d 241, 254 [1984]; People v Curcio, 39 Misc 3d 127[A], 2013 NY Slip Op 50411[U], *4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, we first address the branch of defendant's motion seeking to dismiss the accusatory instrument on the ground that it is facially insufficient.
An information is facially sufficient if it (and/or any supporting depositions [*2]accompanying it) alleges nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731), and the failure to meet these requirements may be asserted at any time, with the exception of a claim of hearsay which is waived under circumstances not applicable here (see People v Keizer, 100 NY2d 114 [2003]; People v Casey, 95 NY2d 354). The law does not require that an information contain the most precise words or phrases which most clearly express the thought; rather, " '[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' " (People v Konieczny, 2 NY3d 569, 575 [2004], quoting People v Casey, 95 NY2d at 360). An "information that is facially insufficient is jurisdictionally defective and must be dismissed" (People v Sumter, 151 AD3d 556, 557 [2017]; see also People v Jones, 9 NY3d 259, 263 [2007]).
Administrative Code § 19-190, "Right of way," provides as follows:
"a. Except as provided in subdivision b of this section, any driver of a motor vehicle who fails to yield to a pedestrian or person riding a bicycle when such pedestrian or person has the right of way shall be guilty of a traffic infraction, which shall be punishable by a fine of not more than fifty dollars or imprisonment for not more than fifteen days or both such fine and imprisonment. In addition to or as an alternative to such penalty, such driver shall be subject to a civil penalty of not more than one hundred dollars which may be recovered in a proceeding before the environmental control board. For purposes of this section, 'motor vehicle' shall have the same meaning as in section one hundred twenty-five of the vehicle and traffic law.
b. Except as provided in subdivision c of this section, any driver of a motor vehicle who violates subdivision a of this section and whose motor vehicle causes contact with a pedestrian or person riding a bicycle and thereby causes physical injury, shall be guilty of a misdemeanor, which shall be punishable by a fine of not more than two hundred fifty dollars, or imprisonment for not more than thirty days or both such fine and imprisonment. In addition to or as an alternative to such penalty, such driver shall also be subject to a civil penalty of not more than two hundred fifty dollars which may be recovered in a proceeding before the environmental control board. For purposes of this section, 'physical injury' shall have the same meaning as in section 10.00 of the penal law.
c. It shall not be a violation of this section if the failure to yield and/or physical injury was not caused by the driver's failure to exercise due care.
d. This section shall not apply to persons, teams, motor vehicles, and other equipment working on behalf of the city of New York, the state of New York or the federal government while actively engaged in work requiring the presence of a motor vehicle in a location that interferes with the right of way of a pedestrian or person riding a bicycle. Such persons, teams, motor vehicles, and other equipment shall proceed at all times during all phases of such work exercising due regard for the safety of all persons and consistent with all applicable laws, rules, and regulations. Nothing in this section shall [*3]relieve such persons or teams or such operators of motor vehicles or other equipment from the consequences of failure to exercise due care or the consequences of their reckless disregard for the safety of others."
In criminal pleadings, "[e]ssential allegations are generally determined by the statute defining the crime. If the defining statute contains an exception, the [accusatory instrument] must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense" (People v Kohut, 30 NY2d 183, 187 [1972]; see also People v Davis, 13 NY3d 17, 31-32 [2009]; People v Santana, 7 NY3d 234, 236-237 [2006]; People v Bingham, 263 AD2d 611, 611 [1999]; People v Sylla, 7 Misc 3d 8, 12 [App Term, 2d Dept, 2d & 11th Jud Dists [2005]).
We find that it was the Legislature's intent (see People v Davis, 13 NY3d at 31; People v Santana, 7 NY3d at 237) that Administrative Code § 19-190 (b) contain the element of failing to exercise due care. All four subsections of Administrative Code § 19-190 were enacted at the same time and subsection (c) "absolutely and by express words" (Statutes § 211) states that "[i]t shall not be a violation of this section if the failure to yield and/or physical injury was not caused by the driver's failure to exercise due care." As Administrative Code § 19-190 (c) provides an "exception," an information charging a violation of Administrative Code § 19-190 (b) must plead that exception (see e.g. People v Santana, 7 NY3d at 237; People v Rodriguez, 68 NY2d 674 [1986]; People v Hogabone, 278 AD2d 525 [2000]; People v Bingham, 263 AD2d at 611; People v Best, 132 AD2d 773, 774-775 [1987]). Therefore, an accusatory instrument charging a violation of Administrative Code § 19-190 (b) must set forth nonhearsay allegations of fact establishing: (1) that the defendant operated a motor vehicle; (2) that the defendant failed to yield to a pedestrian/cyclist who had the right of way; (3) that the vehicle operated by the defendant came into contact with the pedestrian/cyclist and thereby caused physical injury to the pedestrian/cyclist; and (4) that, pursuant to Administrative Code § 19-190 (c), the defendant's failure to exercise due care caused the defendant to fail to yield the right of way to the pedestrian/cyclist and/or to cause physical injury to the pedestrian/cyclist.
Inasmuch as the information and the supporting depositions herein contain no factual allegations—nonhearsay or otherwise—establishing, if true, defendant's failure to exercise due care, the information fails to establish every element of the offense charged and is facially insufficient (see CPL 100.15 [3]; 100.40 [1] [c]). There is no merit to the People's argument that the information's mere reference to Administrative Code § 19-190 incorporated the entire statute and sufficed to allege all of the necessary elements of the offense. The cases of People v D'Angelo (98 NY2d 733 [2002]) and People v Cohen (52 NY2d 584 [1981]) cited by the People in support of their argument are distinguishable from the case at bar in that those cases involve indictments—not "an information which has its own special restrictions" (People v Sylla, 7 Misc 3d at 12)—and, thus, are "inapposite" (People v Alejandro, 70 NY2d at 140).
In so deciding, we are not bound by the limitation on intermediate appellate court review articulated in People v LaFontaine (92 NY2d 470 [1998]; see CPL 470.15 [1]) which does not apply to "fundamental defects in judicial proceedings" (People v Agramonte, 87 NY2d 765, 770 [1996]), such as mode of proceedings errors (see People v Hanley, 20 NY3d 601, 604 [2013]) and "jurisdictional matters . . . that go to the very heart of the process" (People v Parilla, 8 NY3d [*4]654, 659 [2007] [internal quotation marks omitted]). We construe the latter to include the sufficiency of an accusatory instrument, inasmuch as "the question of the State's inherent authority to prosecute does not need to be raised or preserved at trial in order to be reviewed on appeal," and, "[a]s a result, no LaFontaine error [is] possible" (People v Concepcion, 17 NY3d 192, 199 [2011]; see also People v Casey, 95 NY2d 354, 366 [2000]).
Accordingly, the order dismissing the accusatory instrument is affirmed, albeit on a different ground.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 02, 2018